UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JEFFREY ORR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 08-CV-2232 |
| ) | |
| WILLARD O. ELYEA, MICHAEL ) | |
| PRUISIS, and WEXFORD CORP., ) | |
| ) | |
| Defendants. ) | |

**OPINION**

On January 1, 2009, Plaintiffs filed both their Motion for Injunctive Relief and Motion to Certify Class (#16), (#18). On January 16, 2009, Defendant Willard O. Elyea filed both his Motion to Strike Motion for Injunctive Relief (#24) and his Motion to Strike Motion to Certify Class (#25). On that same day Defendant Wexford Corporation filed Responses (#27), (#28) in support of both of Defendant Elyea's Motions to Strike. On February 2, 2009, Plaintiffs filed their Responses (#34), (#35) in opposition to both of Defendants' Motions to Strike. On January 14, 2009, Defendant Elyea filed his Motion for Summary Judgment (#20). On January 20, 2009, Defendant Wexford filed a Motion for Order to Join in Co-Defendant's Motion for Summary Judgment (#29), which this court granted via text order on February 19, 2009. On February 9, 2009, Plaintiffs filed their Response to Defendants' Motion for Summary Judgment and Motion for Extension of Time for Additional Reply (#40) and on February 13, 2009, filed a Motion to Supplement Response to Motion for Summary Judgment (#41). For the following reasons, Defendants' Motions to Strike (#24), (#25) are both GRANTED, and Plaintiff's Motion for Injunctive Relief (#16) and Motion to Certify Class

(#18) are hereby stricken with leave given to re-file. Further, Plaintiff's Motion for Extension of Time for Additional Reply (#40) and Motion to Supplement Response to Motion for Summary Judgment (#40) are both GRANTED.

ANALYSIS

Plaintiffs are all inmates or former inmates of the Illinois Department of Corrections who claim their civil rights were violated in contravention of 42 U.S.C. § 1983 when Defendants were deliberately indifferent to their serious medical condition. Plaintiffs claim Defendants did not provide Plaintiffs needed medical treatment for Hepatitis C. A Complaint (#1) was filed on September 29, 2008. Defendants Wexford and Elyea filed their Answers (#12), (#13) on December 18 and December 19, 2009, respectively.

A. <u>Plaintiffs' Motion for Injunctive Relief and Defendants' Motion to Strike</u>

On January 1, 2009, Plaintiffs filed their Motion for Injunctive Relief (#16), in which they ask the court to order Defendants to strictly comply with the protocol established for treatment of Hepatitis C by the National Digestive Disease Information Clearinghouse (NDDIC). Plaintiffs want the court to order strict compliance with the proposed NDDIC treatment protocols so as to prevent Defendants from liberally interpreting them. Plaintiffs also ask that the court, among other things, order Defendant Pruisis to implement a policy within the Department of Corrections (DOC) to file a lawsuit against Wexford and other medical providers who benefitted by failure to treat inmates. The suit should seek disgorgement of the medical providers unjust enrichment and the court should order whatever funds that are collected from the suit be placed in a fund and made available to those inmates who were denied treatment based upon claims to be filed after the suit is completed. Finally, Plaintiffs ask that the court appoint an independent physician who specializes in Hepatitis

C to act as a "prisoner's advocate."  Plaintiffs also filed a Memorandum in Support of the Motion for Injunctive Relief (#17) that essentially summarized its argument for injunctive relief and referred to an earlier jury trial in the Central District of Illinois, <u>Roe, et al. v. Sims</u>, 2006-CV-3034, where a jury found in favor of Hepatitis C-infected inmate plaintiffs.  In neither the Motion (#16) nor the Memorandum (#17) was any citation made to statutory authority or supporting case law.

Defendant Elyea filed his Motion to Strike Plaintiffs' Motion for Injunctive Relief (#24) on January 16, 2009.  His motion was joined that same day by Defendant Wexford's Response to Plaintiffs' Motion for Injunctive Relief (#27).  In Elyea's Motion (#24), Defendant argues that Plaintiffs' Motion for Injunctive Relief must be stricken because it fails to comply with local court rules requiring every motion raising a question of law be accompanied by a memorandum of law including a brief statement of the specific points of law and supporting authorities upon which the moving party relies and identifying the rule under which the motion is filed.

The Court's Ruling

With regard to preliminary injunctive relief in civil actions regarding prison conditions, federal law states:

> "In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief.  Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."
> 18 U.S.C. § 3626(a)(2).

"'To prevail on a motion for a preliminary injunction, the moving party must demonstrate

(1) a likelihood of success on the merits; (2) a lack of adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted.'" Lambert v. Buss, 498 F.3d 446, 451 (7th Cir. 2007), quoting Foodcomm Intern. v. Barry, 328 F.3d 300, 303 (7th Cir. 2003). If the party seeking the injunction meets all three requirements, the district court must then balance the relative harms that could be caused to either party. Lambert, 498 F.3d at 451. Forms of equitable, interlocutory relief such as preliminary injunctions are an exercise of a very far-reaching power which are not to be indulged in except in a case clearly demanding it. Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America, Inc., 549 F.3d 1079, 1085 (7th Cir. 2008).

Further, according to the Rules for the United States District Court, Central District of Illinois:

> "Every motion raising a question of law shall be accompanied by a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the rule under which the motion is filed." C.D. Ill. R. 7.1(B)(1).

Here, Plaintiffs have not provided a Memorandum of Law that includes any citation to supporting legal authority in their request for injunctive relief. Rather, their Memorandum (#17) simply summarizes reasons for the injunction without citing to any supporting legal authority. Further, Plaintiffs have not addressed how their request satisfies the three requirements for a preliminary injunction as listed by the Seventh Circuit in cases such as Lambert. Therefore, Defendants' Motion to Strike Plaintiffs' Motion for Injunctive Relief (#24) is hereby GRANTED. Plaintiffs' Motion for Injunctive Relief (#16) is stricken. Plaintiff may re-file a motion for injunctive relief that complies with the local rules of this court and the requirements for injunctive

relief as expressed by the Seventh Circuit.

    B. <u>Plaintiffs' Motion to Certify Class and Defendants' Motion to Strike</u>

On January 1, 2009, Plaintiffs filed a Motion for Class Determination Pursuant to Rule 23 (#18). In the Motion, Plaintiffs described what the class would look like and the differences that existed in those who have been diagnosed with Hepatitis C. Plaintiffs described statutory requirements for the certification of a class, but again, provided virtually no case law authority in their motion or memorandum of law. Plaintiffs did cite to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs' Memorandum of Law (#19), filed the same day, did not cite to any case law or legal authority.

Defendant Elyea filed a Motion to Strike Plaintiffs' Motion for Class Determination Pursuant to Rule 23 (#25) on January 16, 2009. Defendant Wexford filed its Response to Plaintiffs' Motion to Certify Class (#28) on the same day. Defendants argued that Plaintiffs cited to documentary evidence in their motion that was never filed and served by the moving party, in violation of Central District of Illinois local court rules. Further, Plaintiffs again cited to very little case law or legal authority in support of their motion.

The Court's Ruling

The local rules for the U.S. District Court for the Central District of Illinois state:

> "If documentary evidence is to be offered in support of or against a motion, and that documentary evidence is susceptible of convenient copying, copies thereof shall be served and filed by the moving party with the motion, and by the adverse party with the statement in opposition to the motion. If the documentary evidence is not susceptible of convenient copying, the offering party shall furnish a concise

summary or statement of the contents of the documentary evidence and shall make the original available to the adverse party for examination prior to the hearing on the motion." C.D. Ill. R. 7.1(B)(1).

Rule 23 of the Federal Rules of Civil Procedure 23 states:

> "One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class."
>
> Fed. R. Civ. P. 23(a).

Here, Plaintiffs have addressed all of the Rule 23(a) requirements through argument made in their Motion. Although their argument is without any case law to support it, Plaintiffs have cited to the proper Federal Rule of Civil Procedure and addressed all the requirements listed in that Rule. While Plaintiffs could have relied more on case law to bolster their argument, as Motions to Strike are generally disfavored, the court finds that the citation to Rule 23 is enough for the Motion to Certify Class to survive the Motion to Strike.

However, Defendants are correct in pointing out that the Exhibits A and D referenced by Plaintiffs in their Motion, a copy of the transcript of Dr. Elyea's testimony relating to the policy and procedure of the Department of Corrections with regard to Hepatitis C and a copy of the

2005 Bureau of Prisons Guidelines for prevention and treatment of Hepatitis C, respectively, were not attached to the Motion (#18) filed on January 1, 2009. On February 2, 2009, more than a month later, Plaintiffs did file a Response (#34), which included the transcript of Dr. Elyea's testimony. Plaintiffs stated "at the time the motion was filed, the trial transcript of Dr. Elyea's testimony was not available. It is now available and is attached hereto as EXHIBIT 1." Plaintiffs' Response did not make any mention of the "Exhibit D", which was the 2005 Bureau of Prisons Guidelines for prevention and treatment of Hepatitis C. In Plaintiffs' Motion for Class Determination (#18), they make extensive reference to both Dr. Elyea's testimony and the Bureau of Prisons Guidelines. However, the Bureau of Prisons Guidelines have never been filed anywhere in the record as an attachment as far as the court can tell. Plaintiffs should have filed those documents with the original Motion (#18). Further, as noted, Plaintiffs make extensive use of those documents in their Motion, but do not provide any citation to pages of the Guidelines or Dr. Elyea's transcripts. Although Motions to Strike are generally disfavored, the court feels it has no choice but to strike Plaintiffs' Motion for Class Determination (#18) on these grounds. Plaintiffs are allowed 30 days in which to re-file their Motion for Class Determination, which should include as attachments the documents they cite to in their Motion and the proper citations to pages in those documents. Defendants' Motion to Strike Plaintiffs' Motion for Class Determination Pursuant to Rule 23 (#25) is GRANTED.

C. <u>Plaintiffs' Motion for Extension of Time to File Supplement Response to Summary Judgment</u>

Defendant Elyea filed a Motion for Summary Judgment (#20) on January 14, 2009. Defendant Wexford joined in that Motion on February 19, 2009. In the Motion for Summary Judgment, Defendants asked that summary judgment be granted in their favor against the 57

currently incarcerated inmate Plaintiffs because those Plaintiffs had not exhausted their administrative remedies through the Department of Corrections grievance process before filing their 42 U.S.C. § 1983 civil rights claim, as required by 42 U.S.C. § 1997e(a).  On February 9, 2009, Plaintiffs filed a Response to the Motion for Summary Judgment and Motion of Extension of Time for Additional Reply (#40).  Attached to the Response was an affidavit signed by Plaintiffs' attorney stating that within the time allowed by the court to respond to the Motion for Summary Judgment, Plaintiffs' attorney could not summarize the grievances filed by his clients, prepare appropriate affidavits, submit them to the Plaintiffs who are incarcerated, and receive affidavits back for filing.  Plaintiffs' attorney asked, pursuant to Federal Rule of Civil Procedure 56(f)(2), that he be allowed 8 weeks to submit affidavits of the individual Plaintiffs, summarizing their grievances so that Plaintiffs may make a factual dispute of the issue of exhaustion of remedies.  On February 13, 2009, Plaintiffs filed a "Motion to Supplement Response to the Motion for Summary Judgment" (#41) which included, as "Exhibit A", the trial transcript of Dr. Elyea from the earlier case.

The Court's Ruling

The court hereby GRANTS Plaintiffs' Motion for Extension of Time for Additional Reply (#40) Plaintiffs are given 8 weeks, until April 15, 2009, in which to file its additional reply.  Also, Plaintiffs Motion to Supplement Response to the Motion for Summary Judgment (#41) is GRANTED.

IT IS THEREFORE ORDERED:

(1) Defendants' Motion to Strike Plaintiffs' Motion for Injunctive Relief (#24) is GRANTED.  Plaintiffs' Motion for Injunctive Relief (#16) is hereby STRICKEN, and Plaintiffs

are allowed 30 days, until March 26, 2009, to re-file their Motion for Injunctive Relief.

(2) Defendants' Motion to Strike Plaintiffs' Motion for Class Determination Pursuant to Rule 23 (#25) is GRANTED.  Plaintiffs' Motion for Class Determination Pursuant to Rule 23 (#18) is hereby STRICKEN, and Plaintiffs are allowed 30 days, until March 26, 2009, to re-file their Motion for Class Determination Pursuant to Rule 23.

(3) Plaintiffs' Motion  for Extension of Time for Additional Reply (#40) is GRANTED and Plaintiffs are given until April 15, 2009, to file their Additional Reply.

(4) Plaintiffs' Motion to Supplement Response to the Motion for Summary Judgment (#41) is GRANTED.

ENTERED this  25th  day of February, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE