**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| JEFFREY ORR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 08-CV-2232 |
| ) | |
| WILLARD O. ELYEA, MICHAEL ) | |
| PUISIS, and WEXFORD CORP., ) | |
| ) | |
| Defendants. ) | |

**OPINION**

On April 5, 2009, Plaintiffs filed an Amended Motion to Certify Class (#47). Defendant Wexford Corporation filed its Response (#61) on May 1, 2009. Defendants Willard O. Elyea and Michael Puisis filed their Response (#76) on June 22, 2009. For the following reasons, Plaintiffs' Amended Motion to Certify Class (#47) is DENIED.

BACKGROUND

Plaintiffs' Motion

In its Amended Motion to Certify Class (#47), Plaintiffs note that all of the current Plaintiffs are either residents or former residents of the Illinois Department of Corrections (IDOC) and have each been diagnosed with Hepatitis C and have elevated liver enzymes. Plaintiffs identify the class as IDOC inmates who at some point during their incarceration had Hepatitis C and elevated liver enzymes but received no Hepatitis C treatment. However, Plaintiffs then go on to break down the class into four subgroups: (1) former residents who have been released but did not receive treatment while incarcerated; (2) those residents with a genotype susceptible to treatment within 12 weeks and

-1-

who have more than 12 weeks to stay; (3) those residents with genotypes requiring 48 week treatment with more than 48 weeks remaining on their sentence but who are not receiving treatment; and finally (4) those with a genotype indicating a 48 week treatment who have less than 48 weeks remaining on their period of incarceration. Plaintiffs also claim there could possibly be another subgroup of persons of either genotype who have been diagnosed within 12 weeks of their release date.

Plaintiffs then discuss the statutory requirements for class certification. Plaintiffs claim "[t]he class is numerous in that it represents something in excess of 2000 individuals and because of the identity issues notified above, it is not practical for the Plaintiffs or counsel to contact each of those individuals and request that they join in individual suit." Plaintiffs claim that there are identical issues of fact and law as to each of the Plaintiffs: a resident of the IDOC with Hepatitis C. The issues will be identical among the individuals in the various "sub-classes" and among the class as an entire "entity."

Plaintiffs contend that the ability to maintain the class is strong because the position of the Defendants is the same to each and every Plaintiff, thus making a final ruling applicable to all. Notice is met because the majority of the Plaintiffs are in Defendants' custody and many of those out of custody are still under mandatory supervised release. Kent Heller will act as Plaintiffs' class counsel.

Defendants' Response

Defendants argue that Plaintiffs have not established the prerequisites for maintaining a class under Rule 23:

(1) Commonality- Defendants believe Plaintiffs have framed the issue too broadly, as not

all of the inmates will have less than one year remaining on their sentence and not all the inmates will be candidates for Hepatitis C treatment.

(2) Typicality- Every Plaintiffs' individual circumstances are going to be different in terms of their particular genotype, length of sentence, whether they are candidates for treatment in the first place, whether they were offered treatment, whether they refused treatment, and whether there is a gap in incarceration.

(3) Adequacy- No specific class representatives have been named. No affidavits or other evidence has been provided to demonstrate that any of the named Plaintiffs fit into the class or subclasses set forth in the motion. It is unknown which of the Plaintiffs were affected by the policy, what their treatment regimen was, and the nature of their alleged Hepatitis C. Plaintiffs counter, however, that the IDOC medical department will not release the records to them out of privacy concerns. Defendants also point out that, of the 165 Plaintiffs, 56 are no longer incarcerated, making it difficult to conceive how they could adequately represent the Rule 23(b)(2) class seeking injunctive relief as their release from incarceration renders such claims moot.

(4) Questions of Law and Fact - Defendants argue that the question of deliberate indifference under the Eighth Amendment is a case-by-case fact specific problem. Defendants would also have the court take notice of Judge Harold A. Baker's decision in Roe v. Sims, 06-CV-3034, where he denied class status for many of the same reasons advanced by Defendants.

Judge Baker's Ruling in Roe v. Sims, 06-CV-3034

In Roe v. Sims, 06-CV-3034, four plaintiffs with Hepatitis C sued Defendant Elyea in this court over the same IDOC treatment policy at issue in this case. Plaintiffs in that case filed a motion to certify, saying, again, "[t]he Class can easily be described as those inmates within the Department

of Corrections who at some point in time during their incarceration had Hepatitis C and elevated liver enzyme levels but received no treatment for that Hepatitis."

Judge Baker denied the motion for class certification, writing:

> "However, as the Guidelines demonstrate, determining the appropriate treatment for an inmate with Hepatitis C is not easily described or determined. It seems to the court on the current record that inmates' experience with Hepatitis vary widely. Elevated liver enzymes are only one factor in the determination of whether a liver biopsy should be performed, and many different factors affect whether drug therapy should be initiated. History and physicals, as well as other clinical and lab tests are important, along with determining the existence of contraindications. Here, the Court cannot even tell if Plaintiffs were viable candidates for drug therapy treatment, be it 12, 24 or 48 week[s].
>
> In sum, the record does not support Plaintiffs' assertion that 'the position of the Defendant is identical to each and every Plaintiff...' . . ., or that the questions of law and fact share enough commonality and typicality for class certification, at least on the present record. Nor have Plaintiffs demonstrated that they adequately represent the class of inmates aggrieved by Dr. Elyea's policy. Plaintiffs do not even offer their own expert testimony about what their condition is or what care they received in prison. Accordingly, the Court is not persuaded that class certification is appropriate."

## ANALYSIS

The Seventh Circuit has recently confirmed that district courts should exercise "caution in

class certification generally." Thorogood v. Sears, Roebuck & Co., 547 F.3d 742, 746 (7th Cir. 2008). A plaintiff seeking class certification has the burden of proving that the proposed class meets the requirements of Rule 23. Herkert v. MRC Receiveables Corp, 254 F.R.D. 344, 347(N.D. Ill. 2008), citing Williams v. Chartwell Fin. Servs., Ltd., 204 F.3d 748, 760 (7th Cir. 2000). Failure to meet any of the requirements of Rule 23(a) precludes class certification. Herkert, 254 F.R.D. at 347, citing Oshana v. Coca-Cola Co., 472 F.3d 506, 513 (7th Cir. 2006). Further, the potential class must also satisfy at least one provision of Rule 23(b). Arreola v. Godinez, 546 F.3d 788, 797 (7th Cir. 2008). Plaintiffs seeking monetary damages, as Plaintiffs are here, must satisfy the requirements of Rule 23(b)(3). Herkert, 254 F.R.D. at 347. Rule 23(b)(3) requires the court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed R. Civ. P. 23(b)(3). The court has broad discretion to determine whether the proposed class meets the requirements of Rule 23. Cima v. Wellpoint Health Network, Inc., 250 F.R.D. 374, 377 (S.D. Ill. 2008).

Furthermore, for purposes of deciding the certification question, the court does not presume that all well-pleaded allegations are true. Szabo v. Bridgeport Machs., Inc., 249 F.3d 672, 675-77 (7th Cir. 2001). Instead, the court "look[s] beneath the surface of a complaint to conduct the inquiries identified in [Rule 23] and exercise the discretion it confers." Szabo, 249 F.3d at 677; Matthews v. United Retail, Inc., 248 F.R.D. 210, 214 (N.D. Ill. 2008). "[S]imilarity of claims and situations must be demonstrated rather than assumed." Szabo, 249 F.3d at 677; see also Payton v. County of Carroll, 473 F.3d 845, 854 (7th Cir. 2007). In evaluating class certification, the court must take into consideration the substantive elements of the plaintiff's cause of action and inquire into

the proof necessary for the various elements and envision the form that trial on the issues would take. See Cima, 250 F.R.D. at 377. This court, however, will not address any issue pertaining to the merits that does not affect class certification. Szabo, 249 F.3d at 677; Matthews, 248 F.R.D. at 214.

Federal Rule of Civil Procedure 23(a) states:

"**Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class."

Fed. R. Civ. P. 23(a).

Under Federal Rule of Civil Procedure 23(b)(3), a class action may be maintained if Rule 23(a) is satisfied and if:

"[T]he court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

A case presenting issues similar to those before this court, Wrightsell v. Sheriff of Cook County, 2009 WL 482370 (N.D. Ill. 2009), was recently decided by United States District Judge

John Darrah. In Wrightsell, the plaintiff, who was in the Cook County Jail from March 5, 2007 to September 19, 2007, alleged that he submitted repeated written requests to see a dentist because of severe tooth pain, yet suffered permanent mouth damage because he was denied dental care due to a jail policy of providing dental care only in cases of extreme emergency. Wrightsell, 2009 WL 482370, at *1. The plaintiff also alleged that the jail in 2007 fired many of the dentists employed in the jail, leaving just one dentist for thousands of inmates. The jail's conduct, according to the plaintiff, constituted a policy of deliberate indifference to the dental needs of prisoners, causing injury to him and others similarly situated. Wrightsell, 2009 WL 482370, at *1.

Plaintiff sought to maintain a class action on behalf of all inmates at the jail confined on and after September 23, 2006, who made a request for treatment of dental pain and were not examined by a dentist within seven days of that request. The plaintiff contended that all the Rule 23 requirements were satisfied, because: (1) numerosity existed as over 200 grievances have been filed by prisoners alleging inadequate dental care; (2) commonality existed because the common overriding issue was whether the jail's decision to leave just one dentist in 2007 deprived them of their Fourteenth Amendment rights; (3) typicality exists because the representative's claims are typical of the class because the claims of each plaintiff allege they received constitutionally inadequate treatment flowing from the same systemic deficiencies in the jail's dental program and they all allege dental pain, a request to see a dentist, and no dental treatment or a long delay before treatment; and (4) representation is adequate because the named plaintiff, Wrightsell, had no conflict with other class members and was represented by counsel. The plaintiff also contended that certification was appropriate under Rule 23(b)(3) because common questions predominated over individual issues and a class determination was the superior method of adjudicating the controversy.

Wrightsell, 2009 WL 482370, at *2.

The court rejected the plaintiff's attempt at class certification. The court found that individual, not common, issues would dominate the case. Wrightsell, 2009 WL 482370, at *3. The court found deficiencies with commonality, typicality, and the predominance requirements. Specifically, the court relied on a very similar earlier case, Smith v. Sheriff of Cook County, et al., Case No. 07-CV-3659. The Wrightsell court adopted the same analysis and findings as the court in Smith, that the common issue presented would not be fact intensive, but rather that the issues of individual causation and damages would likely encompass the vast majority of the time and resources necessary to judge the plaintiffs' claims and that therefore certification of the narrow issue of the reduction of the jail's dental staff would not satisfy the predominance requirement of Rule 23(b)(3). Wrightsell, 2009 WL 482370, at *3. Further, the Wrightsell court noted the Smith court's conclusion that each prisoner must show: (1) that he had a condition that required dental care; (2) he did not receive adequate dental care; (3) that he suffered significant injury or harm; and (4) that the injury or harm was causally related to the inadequate care. Wrighstell, 2009 WL 482370, at *2. The Smith court found that each plaintiff's case would necessarily be different and no cause would be typical, making the case inappropriate for certification under Rule 23(a). Wrightsell, 2009 WL 482370, at *2. After adopting much of the reasoning in Smith, the court denied the request for class certification.

Here, the court finds no reason to depart from the conclusions reached by Judge Baker in the earlier case. Failure to meet any of the requirements of Rule 23(a) precludes class certification. Herkert, 254 F.R.D. at 347, citing Oshana, 472 F.3d at 513.

(1) Numerosity

The first requirement, numerosity, is met. There are over 100 named Plaintiffs in the suit, and the proposed class, according to Plaintiffs, exceeds 2,000 former or current IDOC inmates.

(2) Commonality

The court agrees with Defendants that Plaintiffs have framed the issue too broadly. Here, all of the Plaintiffs have challenged the policy regarding treatment of Hepatitis C in the IDOC, but as was written in Judge Baker's opinion, the policy does not affect all inmates with Hepatitis C because not all of the Plaintiffs will have less than one year remaining in their sentence, while others are not candidates for Hepatitis C treatment. Different genotypes mean different treatment schedules. There is a possibility that individual, and not common issues, will dominate the case, as to the individual injuries suffered by each Plaintiff due to their particular Hepatitis C-related complications, treatment/lack of treatment, prognosis, and incarceration period. See Wrightsell, 2009 WL 482370, at *3.

(3) Typicality

As far as typicality the class representative must show that its claims are typical of the claims of the putative class members. See Fed. R. Civ. P. 23(a). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." Quiroz v. Revenue Prod. Mgmt., Inc., 252 F.R.D. 438, 442 (N.D. Ill. 2008), quoting Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 597 (7th Cir. 1993). While factual distinctions between the claims of the named and represented plaintiffs do not defeat typicality, the claims of the named plaintiffs must have "the same essential characteristics" as the claims of the proposed class. Srail v. Vill. of Lisle, 249 F.R.D. 544, 550 (N.D. Ill. 2008); see also Oshana, 472 F.3d at 514

While all the Plaintiffs' claims are ostensibly based on deliberate indifference to serious medical needs, none of the claims are typical. As pointed out by Defendants' in their brief, every Plaintiff's individual circumstances are going to be different in terms of their particular genotype, length of sentence, whether they are candidates for treatment in the first place, whether they were offered treatment, whether they refused treatment, and whether there was a gap in incarceration. The claims are not typical. By Plaintiffs own admission, the class would need to be divided into various subgroups to address various Hepatitis C genotypes, which require different types of treatment and different treatment periods. There is a strong likelihood that each Plaintiff's case would necessarily be different and no claim would be typical, making the case inappropriate for certification under Rule 23(a). See Wrightsell, 2009 WL 482370, at *2.

(4) Adequacy

Defendants also argue that, for essentially the same reasons, Plaintiff has not met its burden to show that it "will fairly and adequately protect the interests of the class." See Fed R. Civ. P. 23(a)(4). Further, no specific class representatives have been named. No affidavits or other evidence has been provided by Plaintiffs demonstrating which Plaintiffs fit into the class or various subclasses. It is unknown which Plaintiffs were affected by the policy, what their treatment was, and the nature of their Hepatitis C. Also, a large number of the Plaintiffs are no longer incarcerated, having an impact on whether or not they can adequately represent the class. As in the earlier case, there has been no showing by Plaintiffs that "they adequately represent the class of inmates aggrieved by Dr. Elyea's policy. Plaintiffs do not even offer their own expert testimony about what their condition is or what care they received in prison."

As Plaintiffs have failed to meet all of the requirements for Rule 23(a), there is no need to

address the issues under Rule 23(b). See Oshana, 472 F.3d at 513. For the reasons stated above, Plaintiffs' Amended Motion for to Certify Class (#47) is DENIED.

IT IS THEREFORE ORDERED:

Plaintiffs' Amended Motion for Class Certification (#47) is DENIED.

ENTERED this 16th day of November, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE