**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **JEFFREY ORR, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| **v.** ) | **Case No. 08-CV-2232** |
| ) | |
| **WILLARD O. ELYEA, MICHAEL** ) | |
| **PUISIS, and WEXFORD CORP.,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION**

On April 5, 2009, Plaintiffs filed an Amended Motion for Permanent Injunction (#49).

Defendant Wexford Corporation filed its Response (#60) on May 1, 2009.  Defendants Willard O.

Elyea and Michael Puisis filed their Response (#74) on June 22, 2009.  For the following reasons,

Plaintiffs' Amended Motion for Permanent Injunction (#49) is DENIED.

BACKGROUND

Plaintiffs' Amended Motion for Injunctive Relief (#49) asks for the following:

(1) That the court should order the Illinois Department of Corrections (IDOC) to substitute

the National Digestive Diseases Information Clearinghouse (NDDIC) Hepatitis C treatment

guidelines for the current guidelines used by the IDOC, which are the Federal Bureau of Prisons

(BOP) Hepatitis C treatment guidelines.  Plaintiffs want the court to order strict compliance with the

NDDIC treatment guidelines.

(2) Upon the start of any therapy, the court must order that Defendant Puisis have the IDOC

determine whether or not the course of treatment is likely to be completed prior to the inmate's

-1-

discharge. In the event that the treatment will not be finished, the IDOC should be required to make a determination as to whether or not it is likely that the individual will be on Public Aid after discharge. If they are, prior to discharge, the Defendant Puisis and IDOC should coordinate and make application for medical cards so that the Department of Public Aid could continue treatment. Upon the failure of such arrangements to be made, the IDOC should make sufficient quantities of medication available to allow the inmate to complete treatment.

(3) The court must appoint an independent physician, with specialty in the care and treatment of patients with Hepatitis C to serve as a "prisoner's advocate." That any grievance which denies medical care to an inmate related to Hepatitis C, could be, at the election of the prisoner, referred to said individual. That the independent physician would be allowed to serve as a second opinion and make referrals for necessary medical care in the event he disagreed with the grievance position. Additionally, as protocol changed based upon advances in the science, the prisoner's advocate could request the court to modify the Order of Injunctive Relief to conform to current medical standards in the treatment of Hepatitis C.

Defendants' argue: (1) Plaintiffs have failed to meet their burden to show that the substantive requirements of injunctive relief have been met; (2) the injunctive relief requested is not narrowly tailored and would violate the Prison Litigation Reform Act; and (3) Plaintiffs' motion as it pertains to Defendants' Puisis and Elyea is moot.

## ANALYSIS

As pointed out by Defendants, although Plaintiffs have titled their motion "Amended Motion for Permanent Injunction," Plaintiffs' motion must be treated at this stage of the litigation as one for a preliminary injunction, not permanent, since Plaintiffs have provided no evidence that they have

already succeeded on the merits. See Collins v. Hampton, 349 F.3d 371, 374 (7th Cir. 2003) (Where a permanent injunction has been requested at summary judgment, we must determine whether the plaintiff has shown: (1) success, as opposed to a likelihood of success, on the merits). Therefore, the court will construe Plaintiffs' request for an injunction as a request for a preliminary injunction.

"A party seeking a preliminary injunction must demonstrate that he is reasonably likely to succeed on the merits, that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest." Coronado v. Valleyview Public School Dist. 365-U, 537 F.3d 791, 794-95 (7th Cir. 2008). If the party seeking the injunction meets this threshold burden, then the court must weigh the factors against one another in a sliding scale analysis, which is to say the court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or the public interest will be harmed sufficiently that the injunction should be denied. Coronado, 537 F.3d at 795.

First, the court will address Plaintiffs' request to substitute the NDDIC treatment guidelines for the BOP guidelines currently used by the IDOC. Plaintiffs are asking this court to take the extraordinary step of substituting its own judgment for that of the medical professionals who advise and administer the IDOC's treatment protocols. Plaintiffs provide no legal or factual support for why this court should impose the NDDIC guidelines on the IDOC. The only argument offered by Plaintiffs in their memorandum in support of their motion is that the NDDIC "provides information relative to treatment and management of Hepatitis C" and that the Defendants "ignore these directives and refuse proper monitoring and treatment of the Plaintiffs and others similarly situated." Plaintiffs provide no support or evidence for why the BOP guidelines are inferior to the NDDIC

guidelines and why this court should resort to the drastic measure of ordering the IDOC to throw out the BOP guidelines. Rather, all that Plaintiffs argue are conclusory statements, such as the NDDIC's "logarithm for treatment is easier to follow and more specific." As Plaintiffs have not shown the likelihood for success on the merits, the court will refuse to grant the injunction on this issue. See

Coronado, 537 F.3d at 795.

Plaintiffs' request for injunctive relief must also fail on the remaining two issues. Again, the injunctive relief requested by Plaintiffs is drastic and far reaching. Plaintiffs are asking this court to order Defendants and IDOC to drastically alter its treatment policies, as well as hiring an expert doctor in Hepatitis C, without meeting its burden of showing a likelihood of success on the merits. Plaintiffs seem to cite to the success of one of the plaintiffs in Roe v. Sims, 06-CV-3034, the predecessor case tried in front of District Judge Harold A. Baker. However, in that case, after the jury returned a verdict in favor of the four Hepatitis C-infected inmate plaintiffs, Judge Baker, in a post-trial motion, granted judgment as a matter of law in favor of Dr. Elyea and against three of the four plaintiffs. That case remains currently pending on appeal before the Seventh Circuit in Chicago. Plaintiffs have not, however, provided the detailed legal and factual support necessary to show likelihood of success on the merits in this present case. They have offered conclusory statements about the seriousness of their condition and "refusal of Defendants to" treat that condition. They have not provided a detailed legal and factual argument to meet their burden as to why this court should grant the extraordinary injunctive relief they ask for.

Nor is their relief narrowly tailored, but rather it is a broad, wide-ranging request. Plaintiffs appear to acknowledge this is in their memorandum of law in support, stating:

"While the parties may quibble about the exact details of the injunctive relief, or whether the requested relief is too broad, the plaintiffs need and are entitled to relief. Maybe a Court appointed expert, trained in the treatment of Hepatitis C and without a motive to lean one way or the other could assist the Court in narrowly tailoring relief." See Federal Rule of Evidence 706.

Plaintiffs have not shown the likelihood of success on the merits for their requested injunctive relief, nor have they narrowly tailored such relief. See Coronado, 537 F.3d at 795. Plaintiffs' request for preliminary injunctive relief must be denied.

IT IS THEREFORE ORDERED:

Plaintiffs' Amended Motion for Permanent Injunction (#49) is DENIED.

ENTERED this 16th day of November, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE