# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| JEFFREY ORR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 08-CV-2232 |
| ) | |
| WILLARD O. ELYEA, MICHAEL ) | |
| PUISIS, and WEXFORD CORP., ) | |
| ) | |
| Defendants. ) | |

## OPINION

Plaintiffs, present and former inmates of the Illinois Department of Corrections (IDOC) with Hepatitis C, filed their Complaint (#1) in this matter on September 29, 2008, claiming that, pursuant to 42 U.S.C. § 1983, Defendants Willard O. Elyea (former IDOC Medical Director), Michael Puisis (current IDOC Medical Director), and Wexford Corporation were deliberately indifferent to their serious medical needs in violation of the Eighth Amendment of the Constitution of the United States. On January 14, 2009, Defendant Elyea filed a Motion for Summary Judgment (#20). A Supplemental Motion for Summary Judgment (#84) was filed by Defendant Elyea on July 21, 2009. The other co-defendants also joined in this motion. Plaintiffs have filed their Response (#92) and Defendants have filed their Reply (#93). The motion is now ready to be ruled upon by this court. For the reasons that follow, Defendants' Motion for Summary Judgment (#20), (#84) is GRANTED in part and DENIED in part.

### BACKGROUND

Plaintiffs filed their Complaint (#1) alleging that they are all inmates or former inmates of

the IDOC whose civil rights were violated because Defendants were deliberately indifferent to Plaintiffs' medical condition in that they did not receive needed medical treatment for Hepatitis C. Defendant Elyea was the Agency Medical Director of the IDOC[1] and personally adopted the policy which denied medical treatment to Plaintiffs. Specifically, Plaintiffs were told that after receiving a diagnosis for Hepatitis C based on blood work, they had to wait one year before receiving a liver biopsy and beginning treatment. This meant that if they had less than a year to go on their IDOC sentence, they were denied treatment for Hepatitis C. Plaintiffs charged this was deliberate indifference on Defendants' part to the substantial risk of serious harm faced by Plaintiffs. Plaintiffs claim they have exhausted their administrative remedies and that "Defendants have adopted a policy that all grievances in this matter are to be denied without consideration making further administrative efforts futile."

Defendants filed their Supplemental Motion for Summary Judgment (#84) on July 21, 2009.[2] In the motion, Defendants assert that 150 of the 165 Plaintiffs involved have not exhausted their administrative remedies, contrary to the claim made in Plaintiffs' Complaint, and thus summary judgment is compelled in favor of Defendants against those Plaintiffs. Defendants attached to their motion the Affidavit of Terri L. Anderson.

### Affidavit of Terri L. Anderson

---

[1]Defendant Puisis succeeded Elyea as Agency Medical Director of the IDOC and continued his policy relating to treatment for Hepatitis C. Wexford provided medical staffing and services to the IDOC, and is charged with aiding and abetting Defendants Elyea and Puisis with implementing their policy and "in the process denying Plaintiffs their constitutional rights."

[2]This supplemented an earlier Motion for Summary Judgment (#20) filed on January 14, 2009. The arguments advanced by Defendants in both motions are the same. This court, via an Order (#72) entered May 29, 2009, allowed Defendants to supplement the summary judgment motion with more factual support.

Terri L. Anderson, an employee of the IDOC since 1985, is currently employed as a Public Service Administrator (Administrative Review Board Chairperson), who, as part of her duties, reviews the appeals of inmate grievances. Inmates may files grievances in accordance with department rules. They must first attempt to resolve grievances through their counselors. If the issue remains unresolved after such informal efforts, the inmate may submit a written grievance on a grievance form to the facility Grievance Officer. The Grievance Officer may personally interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. After completing the investigation, the Grievance Officer's conclusions and possible recommended relief are forwarded to the Chief Administrative Officer (CAO). The CAO's decision is then submitted to the grieving inmate.

Following receipt of the CAO's decision, the inmate may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and the CAO's decision. The Administrative Review Board (ARB), as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, then the inmate is so advised. Other matters are then scheduled for an in-person ARB hearing involving an interview of the grieving inmate, examining relevant documents, and, at the ARB's discretion, calling witnesses. The ARB then submits a written report of its findings and recommendations to the Director, who then reviews the report and makes a final determination on the grievances. A copy of the ARB's report and Director's final decision is sent to the grieving inmate. The originals of these documents remain in the ARB's files. Department Rule 504F, Grievance Procedures for Committed Persons, which governs the grievance process, provides no further means for review beyond this step.

An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO and, if the CAO determines that there is a substantial risk of imminent personal injury or serious irreparable harm to the inmate, the CAO may choose to handle the emergency. In such a situation the CAO's decision may be appealed to the ARB.

Anderson then discussed the offender tracking system (OTS), which is a database where various information about inmates in the IDOC is stored and made accessible to IDOC employees. Information in the OTS includes offender movement history as well as particulars such as an offender's incarceration status. Anderson, through the course of her duties, is familiar with the OTS and regularly uses it. During May and June 2009, in conjunction with this litigation, she searched the ARB records for each of the named Plaintiffs and Intervenors in this case, Orr v. Elyea, 08-CV-2232, for grievances filed and appealed to the ARB at any time during an offender's incarceration up to and including June 17, 2009, involving medical care for Hepatitis C. During July 2009 she searched the OTS records for each of the 165 named Plaintiffs and Intervenors to ascertain their incarceration status as of the date of the lawsuit's filing: September 29, 2008.

Anderson's search resulted in the following regarding the Hepatitis C issue:

1) Inmates who exhausted their administrative remedies with the ARB as of the date of the filing of the lawsuit, September 29, 2008:

Everado Alegria, John Beeson, Lewis C. Henry, Ronald Lee, John L. Markiewicz, Robert Quinn, Deborah Weaver, David Williams, Jacalyn Arati, Kevin Dean, Fernando Hernandez, Guadalupe Lopez, Philip McVitty, Lavertis Stewart, and Claxton Williams.

2) Inmates who exhausted their administrative remedies with the ARB as of May and June 2009 but did not exhaust prior to the filing of the lawsuit on September 29, 2008:

Ernest Blossom (12/11/08), Stacy Bock (1/27/09), Robert Cook (6/1/09), Chase Copelen (3/18/09), Gary L. Daily (6/30/09), Donald Dawson (12/22/08), Terry Dibble (4/28/09), Cleveland Garner (1/7/09), Robert Garrett (1/15/09), Willie Adkins (6/8/09), Timothy Giancana (3/30/09), Ronnie Johnson (4/15/09), Clarence R. Jones (2/19/09), William Horton (4/16/09), Bobby Phillips (1/7/09), Luis Reyes (1/12/09), LeAnn Vaughn (6/11/09), Jerome Zamp (4/21/09), Daniel Duane (6/30/09), Geoffrey Truss (4/13/09).

3) The following inmates are no longer incarcerated in the IDOC:

Jeffrey Armstrong, Linda Armstrong, Greg Bashares, Vito Basile, Kenneth Bauza, Brian Bennett, Debra Blanchard, Joseph Carillo, Paul Carter, Robert Cook, Michael E. Denning, Phillip Day, David Dickson, Joseph Dilts, Ronald Dooley, Serafin Flores, Jay C. Frame, Nancy Gray, John Gouyd, Chansouk Haksasila, Michael Hayes, Harold Higgens, Richard Jackson, Sturgis Jones, Raymond Kasper, Ronald Lee, Terrence (Terry) Lee, Raymond Locke, Philip McVitty, Lawrence Moye', Jeffrey Orr, Ronnie F. Ortiz-Stookey, Scott Padrick, Ernesto Perez, Robert Quinn, Mason Reid, Jesse Rice, Daniel Rohlfs, Wendell Ross, Michael D. Roy, Donald R. Rutherford, Forrest Sanders, Miquel Santos, Michael Sheehan, Daniel Sims, John Small, Michael D. Smith, and Quinten B. Smith, Anthony Stewart-Bey, David Walker, Edward Walker, Stephen William, Michael Wippert, Darryl Wooding, David Workman, and Herbert Zachary.

4) Anderson's search of the ARB records indicated that the following inmates did not exhaust their administrative remedies with the ARB in that they have not filed grievances or did not follow proper procedure when filing a grievance regarding medical care for treatment of Hepatitis C:

Jeffrey Armstrong, Linda Armstrong, Milton Barber, Greg Bashares, Vito Basile, Kenneth

Bauza, Daniel Baxter, Norman Bell, Brian Bennett, Jeffrey Bennett, Renea Berndt, Debra Blanchard, Adam Borreggine, Jeffrey Bowen, Fred Bragonier, Cori Butler, Paul Carter (Williams), Dustin L. Collins, Calvin Cox, Brad Creason, James Debarbara, Michael DeBerry, Michael E. Denning, Vicente Diaz, Jr., Joseph Ditts, Christopher Evans, Kent L. Fields, Christopher Fogarty, Jay C. Frame, Edward B. Franco, John Gould, Nancy Gray, Chansouk Haksasila, Jeff Hammer, Kelly Ray Hart, Michael Hayes, Nicholas Helman, David Henson, Richard Herman, Richard Jackson, Billy Ray Johnson, Sturgis Jones, Raymond Kasper, Linda Kern, John Lathon, Terrence (Terry) Lee, Wade Lesher, Willis McEwen, Clarence Eugene Miller, Jesus Miranda, Arthur Mitchell, Michael Montgomery, Joshua Mueller, Jeffrey Orr, Ronnie F. Ortiz-Stookey, Scott Padrick, Ernesto Perez, Allen Peters, Terry Reeves, Mason Reid, David Peterson, Jesse Rice, Jon K. Roberts, Clayton Rockman, Steven Roden, Daniel Rohlfs, Wendell Ross, Michael D. Roy, Donald R. Rutherford, Gilbert Sanabria, Forrest Sanders, Miquel Santos, Roger Scott, Bruce Sharp, Michael Sheehan, Daniel Sims, John Small, Michael D. Smith, Quinten B. Smith, Eugene Smola, Eugene Spagnola, Anthony Stewart-Bay, Kevin Taylor, Gregory Thomson, Kenneth Ray Timbs, Gerald Tysko, Andre Villanueva, Edward Walker, Stephen William, Brian Lee Wilson, Dennis Wilson, Fred Wilson, Michael Wippert, Darryl Wooding, David Workman, Herbert Zachary, Eric Zike, Lamar Ewing, Richard Barnes, John Rossi, Dolan Hinton, Lawrence Moye, Serafin Flores, Harold Higgens, Phillip Day, Jason Goldblum, Ronald Dooley, William Bouton, Derrick Morgan, Jeffrey Jackson, Joseph Carillo, Charles Palmer, Raymond Locke, Rodney Graves, James Bourque, David Walker, Dennis Haradon, Oscar Bustamante, Edward Walker, Lafayette Goins, James Hart, Cornelius Lewis, and David Dickson.

5) Anderson' search of the ARB and OTS records also indicated that Robert Quinn, Philip

McVitty, and Ronald Lee timely exhausted but are no longer incarcerated.

6) Joseph Carillo timely exhausted <u>after</u> the September 29, 2008, lawsuit filing, but he is no longer incarcerated.

7) As of the date of the filing of the lawsuit, the following inmates were no longer incarcerated:

Jeffrey Armstrong, Greg Bashares, Robert Cook, Chase Copelen, David Dickson, Serafin Flores, Jay Frame, Nancy Gray, Chansouk Haksasila, Richard Herman, Harold Higgens, Dolan Hinton, Sturgis Jones, Joshua Mueller, Jeffrey Orr, Scott Padrick, Ernesto Perez, Robert Quinn, Daniel Rohlfs, Wendell Ross, Donald Rutherford, Forrest Sanders, Michael Sheehan, Michael Smith, Thomas Tisdale, and David Walker.

8) The following inmates have filed a grievance with the ARB, but the grievance process is not yet completed:

Lonnie Arsberry (3-19-09), Willie Harper (3-23-09), Al Hatley (6-4-09), Robert Kolonski (3-2-09), Thomas Mescall (3-18-09), Gerrick Scott (5-11-09), and Thomas Tisdale (4-16-09).

<u>Defendants' Argument</u>

In their summary judgment motion, Defendants argue that the appropriate remedy for the 150 Plaintiffs' failure to exhaust, in accordance with the case law and statute, is dismissal from the case. Defendants want: 1) the 123 Plaintiffs that did not exhaust prior to the lawsuit's filing on September 29, 2008, dismissed; 2) the 20 Plaintiffs who did exhaust but not prior to September 29, 2008 dismissed; and 3) the 7 Plaintiffs who filed a grievance to the ARB, but the grievance process is not yet completed, be dismissed as well.

Defendants further ask the court to allow discovery on exhaustion for the inmates who

Anderson's search of ARB records revealed had exhausted their administrative remedies for the Hepatitis issue with the ARB and to allow Defendants to file the appropriate dispositive motion following such discovery. Defendants argue that it does not necessarily follow that these Plaintiffs have exhausted with respect to the named Defendants and, in order to properly ascertain this, the individual grievances need to be examined. Further, Defendants believe there may be a statute of limitations issue with regard to these Plaintiffs, but that can only be done by deposing the individual Plaintiffs to discover if they are alleging a continuing violation, so as to avail themselves of a tolling argument with respect to the statute of limitations.

Plaintiffs' Argument

Plaintiffs respond that, under Jones v. Berge, 172 F.Supp.2d 1128 (W.D. Wis. 2001) and Lewis v. Washington, 265 F.Supp.2d 939 (N.D. Ill. 2003), where one member of the group or class has satisfied the exhaustion requirement, all of the members are deemed to have exhausted the requirement. Further, under Greig v. Goord, 169 F.3d 165 (2nd Cir. 1999), the statute requiring exhaustion of administrative remedies is not applicable to those Plaintiffs who are no longer prisoners.

Plaintiffs also argue that their need is an emergency medical need, so that the exhaustion standard is relaxed. Shaw v. Breen, 2008 WL 4279650 (W.D. Wis. 2008). Plaintiffs contend that responses to grievance filings lagged 6 months behind. Plaintiff David Henson, who was listed as not having exhausted, had his grievance just disappear, as did Plaintiff Dustin Collins. Plaintiff also alleges that, by policy, Defendant Elyea ordered all Hepatitis C grievances be denied.

ANALYSIS

Under Federal Rule of Civil Procedure 56(b), "a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The Prison Litigation Reform Act (PLRA) holds that:

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available as exhausted." 42 U.S.C. § 1997e(a).

Complaints about medical treatment in prison are complaints about "prison conditions." Perez v. Wisconsin Department of Corrections, 182 F.3d 532, 534 (7th Cir. 1999), citing McCarthy v. Bronson, 500 U.S. 136 (1991). A suit filed by a prisoner before administrative remedies have been exhausted must be dismissed because the district court lacks discretion to resolve the claims on the merits, even if the prisoner exhausts intra-prison remedies before judgment. Perez, 182 F.3d at 535. The PLRA does not say that exhaustion of administrative remedies is required before a case may be decided, rather "[t]he actual statute makes exhaustion a precondition to *suit*." Perez, 182 F.3d at 534-35 (emphasis in original).

In the instant case, it is uncontested that 150 of the 165 Plaintiffs have not exhausted their administrative remedies as required under the PLRA. Some of the Plaintiffs never initiated the grievance process, others initiated it before the filing of the suit but did not complete it, and still

others initiated the grievance process, but only after the filing of the suit. The law on this subject is clear: when inmates complain of an Eighth Amendment violation due to medical treatment, they must have exhausted their administrative remedies before the filing of the suit, or face the dismissal of their complaints. Perez, 182 F.3d at 535. Based on Terri L. Anderson's affidavit, the following Plaintiffs have exhausted their administrative remedies prior to the filing of the lawsuit and will be allowed to remain in the case:

Everado Algeria, Jacalyn Arati, John Beeson, Kevin Dean, Lewis C. Henry, Fernando Hernandez, Ronald Lee, Guadalupe Lopez, John L. Mankiewicz, Philip McVitty, Robert Quinn, Lavertis Stewart, Deborah Weaver, Claxton Williams, and David Williams.

Defendants claim that almost all of the 150 named by Defendants have not exhausted their administrative remedies prior to the filing of this suit. Plaintiffs do, however, raise several objections to Defendants' summary judgment motion.

First, Plaintiffs cite the proposition that where a group brings a cause of action seeking invalidation of the same rule or regulation, where one member of the group or class has satisfied the exhaustion requirement, all of the members are deemed to have satisfied the same. See Jones v. Berge, 172 F.Supp.2d 1128, 1131 (W.D. Wis. 2001). The court need not address the merits of the claim, however, as the court, in an Opinion (#98) dated November 16, 2009, denied Plaintiffs' Amended Motion to Certify Class (#47). There is no class, so Plaintiffs' argument on this point is moot.

Second, Plaintiffs argue that the concept of exhaustion of administrative remedies "is one imposed by statute and not common law" and is not applicable to those Plaintiffs who are no longer prisoners. In support of this contention, Plaintiffs cite to Greig v. Goord, 169 F.3d 165

(2nd Cir. 1999), where the United States Court of Appeals for the Second Circuit held that prison litigants who file prison condition actions after release from confinement are no longer "prisoners" for purposes of § 1997e(a) of the PLRA and, therefore, need not satisfy the exhaustion requirements of this provision. Greig, 169 F.3d at 167. However, this only applies if the litigant was already out of prison at the time the suit was filed. If the litigant was still imprisoned as of the date of the suit's filing, but was then later released, the litigant was still required to exhaust the administrative remedies before the filing of the suit. Dixon v. Page, 291 F.3d 485, 489 (7th Cir. 2002). Therefore, those Plaintiffs who were not in IDOC custody on the date of the suit's filing and did not exhaust their administrative remedies will be allowed to remain in the suit. Those who are no longer in IDOC custody, but were in custody on the date of the suit's filing and did not exhaust their administrative remedies prior to that date, will be dismissed from the suit. After a cross-check of Terri L. Anderson's affidavit, the following Plaintiffs did not exhaust their administrative remedies but were not incarcerated as of the date of the suit's filing. These Plaintiffs will be allowed to remain in the case with those earlier named Plaintiffs who exhausted their administrative remedies prior to the suit's filing:

Jeffrey Armstrong, Greg Bashares, Robert Cook, Chase Copelen, David Dickson, Serafin Flores, Jay Frame, Nancy Gray, Chansouk Haksasila, Richard Herman, Harold Higgens, Dolan Hinton, Sturgis Jones, Joshua Mueller, Jeffrey Orr, Scott Padrick, Ernesto Perez, Daniel Rohlfs, Wendell Ross, Donald Rutherford, Forrest Sanders, Michael Sheehan, Michael Smith, Thomas Tisdale, and David Walker.

These 25 Plaintiffs join the other 15 Plaintiffs, raising the number of Plaintiffs remaining the suit to 40.

Third, Plaintiffs claim that exhaustion standards are relaxed because this is an emergency, citing Shaw v. Breen, 2008 WL 4279650 (W.D. Wis. 2008). However, in that case, District Court Judge Barbara B. Crabb was not even sure she had the power to modify exhaustion requirements in an emergency, writing "[e]ven if I assumed that a court had authority to modify exhaustion requirements in the face of an emergency, *e.g. Marvin v. Goord*, 255 F.3d 40, 43 (2nd Cir. 2001), petitioner has not alleged any facts suggesting his situation is so dire." Shaw, 2008 WL 4279650, at *1. However, the case mentioned in Shaw, Marvin v. Goord, 255 F.3d 40 (2nd Cir. 2001), does not exactly spell out what constitutes an emergency so as to relax conditions, as all that is mentioned was the need for a root canal for an oral infection. Hepatitis C, as has been discussed, can vary widely as to treatment times, symptoms, and immediate seriousness. Plaintiffs have not made a case for relaxing the exhaustion standard.

Fourth, Plaintiffs claim that the failure to exhaust administrative remedies does not deprive the court of its jurisdiction to issue injunctions. In their Complaint (#1), the injunctive relief requested by Plaintiff was that the court issue an order to administer Hepatitis C treatment and follow Federal guidelines in treating Hepatitis C. Plaintiffs reiterated these requests in their Amended Motion for a Permanent Injunction (#49), which this court denied in full in an Opinion (#99) dated November 16, 2009. Plaintiffs' arguments here must fail.

Fifth, Plaintiffs claim that the IDOC's failure to timely respond to grievances acts as exhaustion. Plaintiffs claim that final appeal responses to grieving Plaintiff Cornelius Lewis were running six months behind, outside of the time line set by the regulations. Also, Plaintiffs contend that Plaintiff David Hanson filed a grievance that was found to be an emergency, but the grievance then disappeared. Plaintiffs filed supporting grievance documentation for both Lewis

and Hanson.

In Powe v. Ennis, 177 F.3d 393 (5th Cir. 1999), the United States Court of Appeals for the Fifth Circuit held that a prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired. Powe, 177 F.3d at 394. Here, Plaintiffs claim that the IDOC's response to a grievance filed by Cornelius Lewis is running six months behind. However, an examination of the documentation concerning Lewis's grievance reveals that the grievance in question was not even filed until October 8, 2008, more than a week after the September 29, 2008, filing of this suit. There was no chance that Lewis ever could have exhausted before the filing of the suit, thus rendering Plaintiffs' argument in this regard moot.

As for Dustin Collins, Plaintiffs have provided his grievance but nothing more. They have provided no information or documentation suggesting that the grievance was ignored or that no action had been taken by the IDOC. Plaintiffs argument here must be rejected as well.

Finally, Plaintiffs argue that since they are asking for monetary damages, and monetary damages are not available through the grievance process, and that Defendant Elyea ordered that all grievances on this issue be denied, there was no administrative remedy available and exhaustion would have been futile. In support they cite to Booth v. Churner, 532 U.S. 731 (2001). Plaintiffs misapprehend Booth. In that case, the U.S. Supreme Court considered a claim from an inmate who was seeking only money damages and who argued that because he could not obtain money damages through the prison grievance process, any attempt to exhaust would be futile and thus not required. Booth, 532 U.S. at 735. The Court disagreed, holding that the PLRA requires administrative exhaustion even where the grievance process does not permit

award of money damages and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some kind of responsive action, as one "exhausts" processes, not relief. Booth, 532 U.S. at 739-41. Thus, under Booth, even though Plaintiffs seek money damages, they must still exhaust their administrative remedies. As to their argument concerning Defendant Elyea's order that all grievances on the Hepatitis C treatment issue be denied, Plaintiffs have provided no evidence or proof of such a standing order applied in a blanket manner to all grievances involving Hepatitis C treatment. Plaintiffs make reference to Elyea's testimony in the prior case before Judge Baker, but a review of the pages cited concerning grievances do not indicate a blanket, standing order from Elyea on Hepatitis C-related grievances that deny each one outright so as to make them futile.

IT IS THEREFORE ORDERED:

(1) Defendants' Motion for Summary Judgment (#20) and Supplemental Motion for Summary Judgment (#84) are GRANTED in part and DENIED in part.

(2) The motion is GRANTED as to all those Plaintiffs who were incarcerated as of the date of this litigation's commencement, September 29, 2008, and had not exhausted their administrative remedies prior to the suit's filing.

(3) The motion is DENIED as to those who exhausted their administrative remedies before the filing date of September 29, 2008, and it is DENIED as to those Plaintiffs who may not have exhausted their administrative remedies, but were no longer incarcerated as of the September 29, 2008 filing date.

(4) Therefore, the following Plaintiffs remain in the suit:

Jeffrey Armstrong, Greg Bashares, Robert Cook, Chase Copelen, David Dickson, Serafin

Flores, Jay Frame, Nancy Gray, Chansouk Haksasila, Richard Herman, Harold Higgens, Dolan Hinton, Sturgis Jones, Joshua Mueller, Jeffrey Orr, Scott Padrick, Ernesto Perez, Daniel Rohlfs, Wendell Ross, Donald Rutherford, Forrest Sanders, Michael Sheehan, Michael Smith, Thomas Tisdale, and David Walker.

Everado Alegria, John Beeson, Lewis C. Henry, Ronald Lee, John L. Markiewicz, Robert Quinn, Deborah Weaver, David Williams, Jacalyn Arati, Kevin Dean, Fernando Hernandez, Guadalupe Lopez, Philip McVitty, Lavertis Stewart, and Claxton Williams.

(5) All other Plaintiffs are hereby DISMISSED from this case for failure to exhaust administrative remedies before commencement of the litigation.

(6) This case is referred to Magistrate Judge David G. Bernthal for further proceedings in accordance with this opinion.

ENTERED this __19th__ day of November, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE