**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **JEFFREY ORR, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | Case No. 08-CV-2232 |
| ) | |
| **WILLARD O. ELYEA, MICHAEL** ) | |
| **PUISIS, and WEXFORD CORP.,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION**

On November 19, 2009, this court entered an Opinion (#100) granting in part and denying in part a Motion for Summary Judgment (#20) filed by Defendants Willard O. Elyea, Michael Puisis, and Wexford Corpoation. Among those Plaintiffs who were dismissed from the case for failure to exhaust administrative remedies before the initiation of litigation was Edward B. Franco. On December 28, 2009, Franco filed this Motion for Reconsideration/Modification of Defendants' Partial Granting of Summary Judgment (#107). Defendants have filed their respective Responses. For the following reasons, Franco's Motion to Reconsider (#107) is DENIED.

BACKGROUND

In his motion and supporting Memorandum of Law (#108) Franco argues that he was involuntarily transferred as an inmate from Rhode Island to Illinois pursuant to the authority of the Rhode Island Interstate Correctional Compact. While in Rhode Island he exhausted, under Rhode Island Department of Corrections law/policy/rules/regulations, his administrative remedies to seek treatment for Hepatitis C. Franco claims that under the "Interstate Correctional Compact," inmates

-1-

confined in an institution pursuant to the terms of the compact shall at all times be subject to the jurisdiction of the sending state. Franco concludes that when he was involuntarily transferred from Rhode Island to Illinois, "Illinois officials knew that Franco was prohibited from using the grievance system for medical related issues, and that R.I. provided it's [sic] inmates with a more expedite [sic] exhaustion of administrative remedies regarding medical issues." Franco admits that he never filed a grievance in the Illinois prison system, but claims he never had to, because his remedies under the Rhode Island prison system were exhausted.

In their Responses, Defendants argue that Franco has misinterpreted the Interstate Corrections Compact (Compact) (730 ILCS 3-4-4 (West 2008)). Defendants argue that under the Compact, it is true that Rhode Island would retain jurisdiction over Franco in the sense that it could remove him from Illinois prisons at any time and return him to Rhode Island. However, the Compact does not apply when Franco joins a lawsuit alleging civil rights violations by Illinois Department of Corrections (IDOC) employees in *Illinois*. For wrongs that allegedly occurred against him in the IDOC, Franco still needed to complete the IDOC grievance process, as mandated by the Prison Litigation Reform Act (PLRA) (42 U.S.C. § 1997e (2000)) and the Illinois Administrative Code.

## ANALYSIS

The relevant portions cited by Franco from the Compact state:

> "Inmates confined in an institution pursuant to this compact shall at all times be subject to the jurisdiction of the sending state and may at any time be removed therefrom for transfer to a prison or other institution within the sending state, for transfer to another institution in which the sending state may have a contractual or

other right to confine inmates, for release on probation or parole, for discharge, or for any other purpose permitted by the laws of the sending state. However, the sending state shall continue to be obligated to such payments as may be required pursuant to the terms of any contract entered into under the terms of Article III." 735 ILCS 5/3-4-4 (Article IV(c)) (West 2008).

"All inmates who may be confined in an institution pursuant to this compact shall be treated in a reasonable and humane manner and shall be treated equally with such similar inmates of the receiving state as may be confined in the same institution. The fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which the inmate would have if confined in a appropriate institution of the sending state." 735 ILCS 5/3-4-4 (Article IV(e)) (West 2008).

Franco also cites to Article IV(f), which states that if the prisoner is entitled to a hearing under the laws of the sending state, the hearing shall be conducted by officials from the sending state or, if the sending state assents, officials of the receiving state. The Article further stated that "[I]n the event such hearing or hearings are had before officials of the receiving state, the governing law shall be that of the sending state and a record of the hearing or hearings as prescribed by the sending state shall be made." 735 ILCS 5/3-4-4 (Article IV(f)) (West 2008).

The sections cited under the Compact by Franco are not applicable in this case. Franco, as a plaintiff in this case, was not alleging federal civil rights violations due to actions taken by Rhode Island corrections department officials. Rather, he was alleging violations committed while he was in the IDOC which were committed by IDOC employees and contractors. Therefore, under the PLRA, to properly exhaust administrative remedies, prisoners must complete the administrative

review process in accordance with the applicable rules which are defined, not by the PLRA, but by the prison grievance process itself. Jones v. Bock, 549 U.S. 199, 218 (2007). IDOC regulations, as embodied in the Illinois Administrative Code, state that the grievance procedure utilized by IDOC applies to offenders assigned to correctional facilities within the IDOC. See 20 Ill. Admin. Code 504.800. Franco was an inmate assigned to a correctional facility within the IDOC and joined a lawsuit alleging federal civil rights violations committed by employees or contractors of the IDOC while he was an IDOC inmate. It has nothing to do with any grievances or treatment he received while incarcerated in Rhode Island. There is nothing in the Compact that would allow an inmate housed in the IDOC and alleging violations that occurred while held in the IDOC to file his grievance pursuant to Rhode Island prison regulations. Therefore, as Illinois prison grievance regulations apply, Franco was properly dismissed from this case for failure to exhaust his administrative remedies before the initiation of litigation.

IT IS THEREFORE ORDERED:

Franco's Motion for Reconsideration (#107) is DENIED.

ENTERED this 3rd day of March, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE