**E-FILED**
Thursday, 12 May, 2011  08:56:37 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JEFFREY ORR, SCOTT PADRICK, CHANSOUK HAKSASILA, STURGIS JONES, ROBERT QUINN, NANCY GRAY, JOHN L. MARKIEWICZ, WENDELL ROSS, MICHAEL D. SMITH, KEVIN DEAN, JAY C. FRAME, CHASE COPELEN, GREG BASHARES, MICHAEL SHEEHAN, DONALD R. RUTHERFORD, LEWIS C. HENRY, FORREST SANDERS, FERNANDO HERNANDEZ, LAVERTIS STEWART, ERNESTO PEREZ, GUADALUPE LOPEZ, JACALYN ARATRI, CLAXTON H. WILLIAMS, JR., DEBORAH WEAVER, PHILIP McVITTY, JOHN BEESON, JOSHUA L. MUELLER, JEFFREY ARMSTRONG, DAVID WILLIAMS, DANIEL L. ROHLFS, THOMAS E. TISDALE, ROBERT T. COOK, DAVID WALKER, DOLAN HINTON, and EVEARDA ALEGRIA suing as EVERADO T. ALEGRIA, | |
| | Law No. 08-cv-2232-HAB-DGB |
| Plaintiffs, | |
| v. | |
| WILLARD O. ELYEA, MICHAEL PRUISIS, and WEXFORD CORPORATION, | |
| Defendants. | |

## MOTION FOR SANCTIONS PURSUANT TO RULE 11

NOW COMES the Defendant, WEXFORD HEALTH SOURCES, INC. (incorrectly referred to as Wexford Corporation), by its attorney, THERESA M. POWELL, of HEYL, ROYSTER, VOELKER & ALLEN, and for its Motion for Sanctions Pursuant to Federal Rule 11 states:

1.      The plaintiff has a duty to conduct some level of investigation before filing a lawsuit against the defendant.

2.      In this case, plaintiff's counsel admits that he did not have copies of his client's medical records at the time he filed this lawsuit.

3.      As it pertains to plaintiff Daniel Rohlfs, plaintiff has no evidence to support a cause of action against defendant Wexford.

4.      Daniel Rohlfs is a plaintiff in this lawsuit which was filed on September 29, 2008.

5.      At the time plaintiff filed his lawsuit, he was not incarcerated in the Illinois Department of Corrections and had been on parole since January 22, 2008.  (See the attached OTS report indicating Mr. Rohlfs' status within the Department of Corrections attached hereto as Exhibit 1).

6.      Prior to that time, Mr. Rohlfs had been incarcerated at various correctional facilities.

7.      Mr. Rohlfs' medical records indicate that he was diagnosed with Hepatitis C after a definitive blood test in January of 2009.  (See the medical record attached hereto as Exhibit 2).

8.      Subsequent to the diagnosis, a doctor reviewed the lab report and completed a Hepatitis C evaluation form.  (See the medical record attached hereto as Exhibit 3).

9.      According to these records and the OTS report, Mr. Rohlfs was not evaluated for care and treatment in the form of interferon or ribavirin medications as his parole date was April 17, 2009, just approximately two months from his date of diagnosis.

10.     Copies of plaintiff's answers to interrogatories and response to request for production of documents are attached hereto as Exhibits 4 and 5.

11.     These answers reflect that Mr. Rohlfs has no evidence to suggest that he had been formally diagnosed with Hepatitis C prior to this date within the Department of Corrections.

2

12.    No doctor has ever suggested that Mr. Rohlfs should have received a specific course of care and treatment with respect to his claimed Hepatitis C prior to January of 2009 nor since that date.

13.    It is unknown whether Mr. Rohlfs is currently receiving any care and treatment with respect to his previously-diagnosed Hepatitis C.  However, Mr. Rohlfs is not in the custody of an Illinois Department of Corrections' facility where Wexford is providing care and treatment.

14.    With respect to any act or omission occurring more than two years prior to September of 2008, said claims are barred by the statute of limitations.

15.    During the time that Mr. Rohlfs was out on parole, he sought no medical care and treatment for his Hepatitis C condition and has failed to mitigate any damages he may be claiming by failing to obtain care and treatment for his condition during the time that he was not incarcerated in direct contradiction to the recommendations made by his treating physicians.

WHEREFORE, defendant prays that this Court will grant defendant's costs and attorneys' fees associated with the filing of this motion and all work conducted relating to the claim of Daniel Rohlfs.

s/ Theresa M. Powell
Theresa M. Powell, IL ARDC #:  6230402
Attorney for Defendant Wexford
Heyl, Royster, Voelker & Allen
Suite 575, PNC Bank Building
P. O. Box 1687
Springfield, IL  62705-1687
217.522.8822  Phone
217.523.3902  Fax
tpowell@heylroyster.com

<u>PROOF OF SERVICE</u>

I hereby certify that on May 12, 2011, I electronically filed the foregoing instrument, MOTION FOR SANCTIONS PURSUANT TO RULE 11, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| H. Kent Heller – <u>kent@hhlawoff.com</u> | Attorney for Plaintiffs |
| Andrew M. Ramage – <u>aramage@hinshawlaw.com</u> | Attorney for Defendant Elyea |
| James A. Borland – <u>jborland@qjhpc.com</u> | Attorney for Defendant Puisis |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

<u>s/ Theresa M. Powell</u>
Theresa M. Powell

TMP/cs (R7810)
16612709_1.DOCX