IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DUSTIN COLLINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 2:10-cv-02095-HAB-DGB |
| | ) | |
| -vs.- | ) | |
| | ) | |
| WILLARD O. ELYEA, M.D., | ) | |
| MICHAEL PIUSIS, and WEXFORD CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JEFFREY D. ORR, et al., | ) | |
| | ) | No. 2:08-cv-02232-HAB-DGB |
| Plaintiffs, | ) | |
| | ) | |
| -vs.- | ) | |
| WILLARD O. ELYEA, M.D., | ) | |
| MICHAEL PUISIS, and WEXFORD CORP | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED ORDER APPOINTING**
**SETTLEMENT SPECIAL MASTER**

This matter involves the claims of numerous current and former state prison inmates who have filed, or intend to file, claims under U.S.C Section 1983 alleging past and continuing injury due to the alleged inadequacy of treatment for their Hepatitis C while in the custody of the Illinois Department of Corrections.

On November 5, 2012, certain named plaintiffs filed their Motion to Appoint Additional Counsel to Assist in Supervising Settlement. The thrust of the motion is that while both plaintiffs and defendants seek to achieve a settlement of as many of the Hepatitis C claims as possible, the sheer number of claimants and potential classes of plaintiffs have made it extraordinarily difficult for plaintiffs' counsel to formulate a comprehensive settlement demand

upon which settlement negotiations can proceed. Plaintiffs' motion specifically states "[t]hat in order to further administer the various claims, Plaintiffs' counsel believes that independent settlement counsel should be appointed to assist in the administration of settlement of the claims and would be of assistance not only to the Plaintiffs but al also to the Court." (Motion to Appoint, p. 3.) Plaintiffs' motion asks that "this Court appoint independent counsel for the purpose of evaluating and administering potential settlement with the various classes of Plaintiffs identified herein." (Id.)

In response to Plaintiff's Motion to Appoint, this Court contacted the Pro Bono Administrator of the Jenner & Block law firm to determine the firm's interest in serving, and willingness to serve, as the requested independent settlement counsel. After a brief review of the Court File, brief consultation with the Court and a brief phone conversation with Plaintiff's counsel limited to gaining a better understanding of how requested independent settlement counsel might assist the parties and the Court in achieving a settlement of as many Hepatitis C claims as possible, Jenner & Block stated its willingness, in concept, to offer the requested independent settlement counsel assistance.

At a phone status conference on January 15, 2013, the Court advised counsel of record of Jenner & Block's willingness to provide the requested assistance on a pro bono basis and identified Jenner & Block partner Richard J. Gray as the prospective appointee, aided by such additional Jenner & Block resources as the firm may reasonably deem necessary. Participating counsel stated their conceptual agreement to that appointment, subject to agreement on the form of the order of appointment. By Order of January 15, 2013, this Court directed that the parties "send a suggested [appointment] order to the Court," and set this matter for Further Status Conference on February 20, 2013.

On February   , 2013 the parties and Jenner & Block provided this Court with a proposed Agreed Order Appointing Settlement Special Master. After reviewing the Order and confirming the agreement of the parties and Jenner & Block to its entry, this Court adopts the Agreed Order Appointing Settlement Special Master, pursuant to F.R. Civ. P. 53, as follows:

1. Pursuant to F.R.Civ.P. 53 (a)(1)(A) and (C), the Court hereby appoints Richard J. Gray as Settlement Special Master to perform the following pretrial duties consented to by the parties: To assist the parties in efficiently mediating, structuring and documenting a settlement with the goal of recommending to the Court a settlement, supported by the parties, that resolves the claims of the broadest group(s) of Hepatitis C plaintiffs and claimants, thereby eliminating or reducing the burden on the parties and the Court of adjudicating each separate claim.

2. The Settlement Special Master may "take all appropriate measures to perform the assigned duties fairly and efficiently," as set forth in F.R.Civ.P 53(c)(1)(B). In the exercise of his duties, the Settlement Special Master is granted absolute immunity.

3. In carrying out these his duties, the Settlement Special Master may meet and confer with the parties' representatives collectively. He may also meet and confer with any party representative individually upon prior notice to the other party representatives. The Settlement Special Master may, without notice to the parties' representatives, engage in confidential *ex parte* communications with the Court. The Settlement Special Master is not obligated to meet with every party representative.

4. All written and oral communications with the Settlement Special Master or the Court regarding settlement shall be "Confidential and for Settlement Purposes Only."

5. The Settlement Special Master shall, no later than    days after the entry of this Order, file under seal with this Court a Confidential Settlement Report and Recommendation.

The Confidential Settlement Report and Recommendation shall note the areas of agreement and disagreement among the parties. A copy of the Confidential Settlement Report and Recommendation shall be simultaneously provided to each counsel for the identified parties.

6. Any party wishing to file an objection to the Settlement Special Master's Confidential Settlement Report and Recommendation must do so no later than     days after the filing of the Confidential Report and Recommendation.

7. The Court shall hold a settlement conference no later than     days after the filing of the Settlement Special Master's Confidential Settlement Report and Recommendation. All counsel of record shall be required to attend.

8. The Settlement Special Master shall serve pro bono but, with Jenner & Block, shall be promptly reimbursed by counsel for the parties for all reasonable expenses incurred in the performance of the Settlement Special Master's duties. Expense reimbursements shall be allocated by agreement of the parties or by order of the Court upon recommendation of the Settlement Special Master.

9. Other than his Confidential Settlement Report and Recommendation, the Settlement Special Master need not preserve or file any materials generated in the course of performing his duties.

10. If, at any time, the Settlement Special Master determines that his services to the Court are no longer useful or economic, he may, upon notice to the Court and counsel of record, withdraw as Settlement Special Master.

11. As required by F.R.Civ.P. 53(b)(3)(A), the Settlement Special Master has filed an affidavit with this Court stating that he has no relationship to the parties, attorneys, action, or court that would require disqualification of a judge pursuant to 28 U.S.C. § 455.

12. Pursuant to F.R.Civ.P. 53(a)(3), the Court has considered the fairness of imposing the likely expenses on the settling parties and has concluded that, especially given the parties' consent to the appointment of the Settlement Special Master, the potential benefit to the parties of appointing the Settlement Special Master far outweighs the likely expense. F.R.Civ.P 53(a)(3) also requires the Court to protect against unreasonable expense or delay. This Court is satisfied that, under its guidance, the procedures set forth above are sufficient to achieve that result.

SO ORDERED.

_____

Hon. Harold A. Baker

Dated: February ___, 2013
Urbana, IL

AGREED AS TO FORM AND SUBSTANCE

_____
H. Kent Heller
Heller Holmes & Associates PC
Counsel for Plaintiffs


_____
James A. Borland
Quinn Johnston Henderson & Pretorius
Counsel for Defendant Michael Puisis


_____
Russell L. Reed
Hinshaw & Culbertson
Counsel for Defendant Willard O. Elyea