IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DUSTIN COLLINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| -vs.- | ) | No. 2:10-cv-2095-HAB-DGB |
| | ) | |
| WILLARD O. ELYEA, M.D., | ) | |
| MICHAEL PIUSIS, and WEXFORD CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| JEFFREY D. ORR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs.- | ) | No. 2:08-cv-2232-HAB-DGB |
| | ) | |
| WILLARD O. ELYEA, M.D., | ) | |
| MICHAEL PUISIS, WEXFORD CORP., and | ) | |
| DR. LOUIS SHICKER | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| CLARENCE RAYMOND JONES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs.- | ) | No. 4:10-cv-4011-HAB-JAG |
| | ) | |
| DR. WILLARD EYLEA, MICHAEL PUISIS, | ) | |
| WEXFORD CORP., ROGER E. WALKER, | ) | |
| JR.,  MICHAEL RANDLE, ANDREA | ) | |
| LASHBROOK, AND WILLIAM RANKIN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

| | |
|---|---|
| ANDRE KENNEDY, et al., )<br>)<br>Plaintiffs, )<br>)<br>-vs.- )<br>)<br>LOUIS SCHICKER, M.D., )<br>)<br>Defendant. )<br>_____ )<br>ZACHARY ALLEN, et al., )<br>)<br>Plaintiffs, )<br>)<br>-vs.- )<br>)<br>ILLINOIS DEPARTMENT OF )<br>CORRECTIONS, MICHAEL PUISIS, LOUIS )<br>SCHICKER, M.D., and WEXFORD CORP., )<br>)<br>Defendants. ) | No. 2:12-cv-02155-HAB-DGB<br><br><br><br><br><br><br><br><br><br>No. 13-cv-2056 |

**AGREED ORDER APPOINTING**
**SETTLEMENT SPECIAL MASTER**

This matter involves the claims of numerous current and former state prison inmates who have filed, or intend to file, claims under U.S.C §1983 alleging past and continuing injury due to the alleged inadequacy of treatment for their Hepatitis C while in the custody of the Illinois Department of Corrections.

On November 5, 2012, certain named plaintiffs filed their Motion to Appoint Additional Counsel to Assist in Supervising Settlement. The thrust of the motion is that while both plaintiffs and defendants seek to achieve a settlement of as many of the Hepatitis C claims as possible, the sheer number of claimants and potential classes of plaintiffs have made it extraordinarily difficult for plaintiffs' counsel to formulate a comprehensive settlement demand upon which settlement negotiations can proceed. Plaintiffs' motion specifically states "[t]hat in order to further administer the various claims, Plaintiffs' counsel believes that independent

2

settlement counsel should be appointed to assist in the administration of settlement of the claims and would be of assistance not only to the Plaintiffs but also to the Court." (Motion to Appoint, p. 3.) Plaintiffs' motion asks that "this Court appoint independent counsel for the purpose of evaluating and administering potential settlement with the various classes of Plaintiffs identified herein." (Id.)

In response to Plaintiff's Motion to Appoint, this Court contacted the Pro Bono Administrator of the Jenner & Block law firm to determine the firm's interest in serving, and willingness to serve, as the requested independent settlement counsel. After a brief review of the Court File, brief consultation with the Court and a brief phone conversation with Plaintiff's counsel limited to gaining a better understanding of how requested independent settlement counsel might assist the parties and the Court in achieving a settlement of as many Hepatitis C claims as possible, Jenner & Block stated its willingness, in concept, to offer the requested independent settlement counsel assistance.

At a phone status conference on January 15, 2013, the Court advised counsel of record of Jenner & Block's willingness to provide the requested assistance on a pro bono basis and identified Jenner & Block partner Richard J. Gray as the prospective appointee, aided by such additional Jenner & Block resources as the firm may reasonably deem necessary. Participating counsel stated their conceptual agreement to that appointment, subject to agreement on the form of the order of appointment. By Order of January 15, 2013, this Court directed that the parties "send a suggested [appointment] order to the Court," and set this matter for Further Status Conference on February 20, 2013.

On February 12, 2013 the then parties and Jenner & Block provided this Court with a proposed Agreed Order Appointing Settlement Special Master. Since then, three additional

§1983 Hepatitis C cases have been filed with or transferred to this Court. By Orders of February 12 and March 4,, 2013, this Court extended the time for filing objections to the appointment of the Settlement Special Master and ultimately set the Further Status Conference for March 20, 2013. After consultation among the expanded group of parties and their counsel, all parties and Jenner & Block on March 19, 2013 provided this Court with a revised proposed Agreed Order Appointing Settlement Special Master.

At the March 20, 2013 Further Status Conference, certain objections were raised concerning the application of this Order to the most recently filed Hepatitis C case, *Allen v. Illinois Department of Corrections, ("IDOC") et al, No.13-CV-2056*. In response to those objections, this Court decided to a) consolidate all four of the above captioned cases; b) exempt defendants in *Allen v. IDOC* from the requirements of this Order pending resolution of any remaining objections to the application of this Order to the *Allen v. IDOC* case; c) require plaintiffs' counsel to serve plaintiffs' injunctive relief settlement demand upon the Settlement Special Master and all counsel of record in the consolidated cases by March 28, 2013; and d) set the consolidated cases for a further status conference on May 1, 2013 at 1:30 pm at which time this Court will, absent agreement of the parties, set a schedule for the filing of the Settlement Special Master's report, the filing of objections thereto, and the holding of the status/settlement hearing.

Consistent with the preceding paragraph, this Court adopts the Agreed Order Appointing Settlement Special Master, pursuant to F.R. Civ. P. 53, as follows:

1.   Pursuant to F.R.Civ.P. 53 (a)(1)(A) and (C), the Court hereby appoints Richard J. Gray as Settlement Special Master to perform the following pretrial duties consented to by the parties: To assist the parties in efficiently mediating, structuring and documenting a settlement

4

with the goal of recommending to the Court a settlement, supported by the parties, that resolves the claims of the broadest group(s) of Hepatitis C plaintiffs and claimants, thereby eliminating or reducing the burden on the parties and the Court of adjudicating each separate claim.

2. The Settlement Special Master may "take all appropriate measures to perform the assigned duties fairly and efficiently," as set forth in F.R.Civ.P 53(c)(1)(B). In the exercise of his duties, the Settlement Special Master is granted absolute immunity.

3. In carrying out his duties, the Settlement Special Master may meet and confer with the parties' representatives collectively. He may also meet and confer with any party representative individually upon prior notice to the other party representatives. The Settlement Special Master may, without notice to the parties' representatives, engage in confidential *ex parte* communications with the Court. The Settlement Special Master is not obligated to meet with every party representative. While serving, the Settlement Special Master will maintain an ethical screen between himself and those Jenner & Block attorneys representing a party adverse to the Illinois Department of Corrections ("IDOC") or any of its current or former employees (collectively the "Jenner Screened Attorneys"). Consistent with this ethical screen, the Settlement Special Master and Jenner Screened Attorneys shall not communicate regarding the subject matter of this Order or the subject matter of the ongoing representation adverse to the IDOC or any current or former IDOC employee. If the Settlement Special Master desires to confer with one or more of the Jenner Screened Attorneys regarding the subject matter of this Order, he may seek a waiver of the ethical screen for that purpose.

4. All written and oral communications with the Settlement Special Master or the Court regarding settlement shall be "Confidential and for Settlement Purposes Only."

5. The Settlement Special Master shall, no later than May 23, 2013, file under seal with this Court a Confidential Settlement Report and Recommendation. The Confidential Settlement Report and Recommendation shall note the areas of agreement and disagreement among the parties, and identify any open issues. A copy of the Confidential Settlement Report and Recommendation shall be simultaneously provided to each counsel for the identified parties.

6. Any party wishing to file an objection to the Settlement Special Master's Confidential Settlement Report and Recommendation must do so no later than June 6, 2013.

7. The Court shall hold a status/settlement conference no later than June 13, 2013. All counsel of record shall be required to participate.

8. The Settlement Special Master shall serve pro bono but, with Jenner & Block, shall be promptly reimbursed by the parties for all reasonable expenses incurred in the performance of the Settlement Special Master's duties. Expense reimbursements shall be allocated by agreement of the parties or by order of the Court upon recommendation of the Settlement Special Master.

9. Other than his Confidential Settlement Report and Recommendation, the Settlement Special Master need not preserve or file any materials generated in the course of performing his duties.

10. If, at any time, the Settlement Special Master determines that his services to the Court are no longer useful or economic, he may, upon notice to the Court and counsel of record, withdraw as Settlement Special Master.

11. As required by F.R.Civ.P. 53(b)(3)(A), the Settlement Special Master has filed an affidavit with this Court stating that he has no relationship to the parties, attorneys, action, or court that would require disqualification of a judge pursuant to 28 U.S.C. § 455.

12. Pursuant to F.R.Civ.P. 53(a)(3), the Court has considered the fairness of imposing the likely expenses on the settling parties and has concluded that, especially given the parties' consent to the appointment of the Settlement Special Master, the potential benefit to the parties of appointing the Settlement Special Master far outweighs the likely expense. F.R.Civ.P 53(a)(3) also requires the Court to protect against unreasonable expense or delay. This Court is satisfied that, under its guidance, the procedures set forth above are sufficient to achieve that result.

SO ORDERED.

s/Harold A. Baker
Hon. Harold A. Baker

Dated: April 5, 2013
Urbana, IL

AGREED AS TO FORM AND SUBSTANCE

_____

H. Kent Heller
Heller Holmes & Associates PC
Counsel for Plaintiffs

_____

James A. Borland
Quinn Johnston Henderson & Pretorius
Counsel for Defendant Michael Puisis

_____

Russell L. Reed
Hinshaw & Culbertson
Counsel for Defendant Willard O. Elyea\_

_____
Douglas R. Bitner
Heyl Royster Voelker & Allen
Counsel for Defendants  Wexford Corp. and William Rankin


_____
Brent D. Stratton
Chief Deputy Attorney General
Office of the Illinois Attorney General
Counsel for Defendants Illinois Department of Corrections