IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY ORR, CHARLES B. PALMER, DAVID DICKSON, HAROLD HIGGENS, SCOTT PADRICK, DUSTIN L. COLLINS, CHANSOUK HAKSASILA, SERAFIN FLORES MIQUEL SANTOS, RODNEY GRAVES, PAUL CARTER, WADE LESHER, STURGIS JONES, TERRY REEVES, ROBERT QUINN, DAVID WORKMAN, EUGENE SMOLA, NANCY GRAY, JOHN L. MARKIEWICZ, DONALD DAWSON, ALLEN PETERS, JEFF HAMMER, CHRISTOPHER FOGARTY, ROBERT GARRETT, KENNETH BAUZA, CLAYTON ROCKMAN, WENDELL ROSS, MICHAEL D. SMITH, KEVIN DEAN, MICHAEL MONTGOMERY, RONNIE JOHNSON, DENNIS HARADON, LAWRENCE NAPUE, MICHAEL D. ROY, KENT L. FIELDS, JAY C. FRAME, GREGORY THOMPSON, QUINTEN B. SMITH, BRAD CREASON, CHASE COPELEN, KEVIN TAYLOR, JON KENT ROBERTS, JOHN SMALL, GREG BASHARES, MICHAEL E. DENNING, MICHAEL SHEEHAN, BRIAN LEE WILSON, JOHN BERNARD LATHON, DANIEL BAXTER, VICENTE DIAZ, JR., TERRENCE LEE, DONALD R. RUTHERFORD, LEWIS C. HENRY, TERRY DIBBLE, JAMES HART, JAMES DeBARBARA, GARY L. DAILY, LAWRENCE MOYE′, NORMAN BELL, LUIS REYES, DEBRA BLANCHARD, VITO BASILE, EDWARD B. FRANCO, FORREST SANDERS, CORNELIUS B. LEWIS, CLARENCE R. JONES, FERNANDO HERNANDEZ, JAMES BOURQUE, TIMOTHY GIANCANA, ERNESTO PEREZ, EUGENE SPAGNOLA, ERIC ZIKE, LaVERTIS STEWART, KELLY RAY HART, and RONNIE F. STOOKEY-ORTIZ, <br><br>     Plaintiffs, <br><br> -vs.- | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>No. 08-2232 |

| | |
|---|---|
| WILLARD O. ELYEA, M.D., | ) |
| MICHAEL PRUISIS, and WEXFORD CORP., | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR INJUNCTIVE RELIEF

NOW COME the Plaintiffs, JEFFREY ORR, et al., by their attorneys, HELLER, HOLMES & ASSOCIATES, P.C., and for their Motion for Injunctive Relief, state as follows:

1. That this is a Motion for Injunctive Relief.

2. Based upon the Jury's finding in <u>Roe v. Elyea</u>, 06-3034, the Department of Corrections and Dr. Elyea have adopted a policy which illustrates deliberate indifference to the care and treatment of prisoners. This policy continues today.

3. One could argue, based upon the testimony at trial, that the policy of the Department under Defendant Michael Pruisis and Dr. Shicker is one of saving money and not of providing reasonable medical care to inmates. Even after announcing new protocols, the defendants are not following them or have designed them to not provided care to inflicted inmates.

4. That notwithstanding the verdict in Roe, the Defendants are still not properly monitoring and treating inmates. That in the absence of injunctive relief, it is unlikely that the Defendant will comply with any recognized protocol for the treatment of Hepatitis C.

5. That the medical protocol for the treatment of Hepatitis C is fairly well documented and not particularly difficult to follow.

6. That attached hereto as EXHIBIT A is the current protocol published by the Association for the Study of Liver Diseases.

7. That the Court should order strict compliance with the protocol attached hereto as

EXHIBIT A for the care and treatment of prisoners with Hepatitis C.

8. That more than 26 plaintiffs have died awaiting resolution of this case, others have been diagnosed as having reached terminal stages of liver disease and are awaiting death. Still the defendants do not monitor and treat sick inmates.

9. That upon the start of any therapy, the Court should order that the Defendant Pruisis have the Department of Corrections determine whether or not the course of treatment is likely to be completed prior to the inmate's discharge. In the event that the treatment will not be finished, the Department should be required to make a determination as to whether or not it is likely that the individual will be on Public Aid after discharge. If they are, prior to discharge, the Defendant Pruisis and the Department should coordinate and make application for medical cards so that the Department of Public Aid could continue treatment. Upon the failure of such arrangements to be made, the Department should make sufficient quantities of medication available to allow the inmate to complete treatment.

10. That the Court appoint an independent physician, with specialty in the care and treatment of patients with Hepatitis C to serve as a "prisoner's advocate." That any grievance which denies medical care to an inmate related to Hepatitis C, could be, at the election of the prisoner, referred to said individual. That the independent physician, would be allowed to serve as a second opinion and make referrals for necessary medical care in the event he disagreed with the grievance position. Additionally, as protocol changed based upon advances in the science, the prisoner's advocate could request the Court to modify the Order of Injunctive Relief to conform to current medical standards in the treatment of Hepatitis C.

WHEREFORE, Plaintiffs pray for an Order from the Court consistent with the requests in this Motion.

JEFFREY ORR, et al., Plaintiffs

By       /s/ H. Kent Heller
H. KENT HELLER
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway Avenue, P.O. Box 889
Mattoon, IL 61938
TEL: 217-235-2700
FAX: 217-235-0743
E-Mail: kent@hhlawoff.com
ARDC No. 1181009

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that a true and correct copy of the foregoing was electronically served this 25th day of July, 2013, to the following:

Theresa M. Powell
tpowell@hrva.com, ejarman@hrva.com, sprecf@hrva.com

Joseph N. Rupcich
jrupcich@atg.state.il.us, bmyers@atg.state.il.us, jginter@atg.state.il.us, lmsmith@atg.state.il.us

/s/    H. Kent Heller
H. KENT HELLER
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway, P. O. Box 889
Mattoon IL 61938
TEL: 217-235-2700
FAX: 217-235-0743
E-Mail: kent@hhlawoff.com
ARDC No. 1181009

Subscribed and sworn to before me
this 25th day of July, 2013.

/s/    Katherine J. Storm
        Notary Public

c:orr16005.motionforinjunctiverelief/kjs12172008

4