IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY ORR, CHARLES B. PALMER, | ) |
| DAVID DICKSON, HAROLD HIGGENS, | ) |
| SCOTT PADRICK, DUSTIN L. COLLINS, | ) |
| CHANSOUK HAKSASILA, SERAFIN FLORES | ) |
| MIGUEL SANTOS, RODNEY GRAVES, | ) |
| PAUL CARTER, WADE LESHER, STURGIS | ) |
| JONES, TERRY REEVES, ROBERT QUINN, | ) |
| DAVID WORKMAN, EUGENE SMOLA, | ) |
| NANCY GRAY, JOHN L. MARKIEWICZ, | ) |
| DONALD DAWSON, ALLEN PETERS, | ) |
| JEFF HAMMER, CHRISTOPHER FOGARTY, | ) |
| ROBERT GARRETT, KENNETH BAUZA, | ) |
| CLAYTON ROCKMAN, WENDELL ROSS, | ) |
| MICHAEL D. SMITH, KEVIN DEAN, | ) |
| MICHAEL MONTGOMERY, RONNIE | ) |
| JOHNSON, DENNIS HARADON, LAWRENCE | ) |
| NAPUE, MICHAEL D. ROY, KENT L. FIELDS, | ) |
| JAY C. FRAME, GREGORY THOMPSON, | ) |
| QUINTEN B. SMITH, BRAD CREASON, | ) |
| CHASE COPELEN, KEVIN TAYLOR, | ) |
| JON KENT ROBERTS, JOHN SMALL, | ) |
| GREG BASHARES, MICHAEL E. DENNING, | ) |
| MICHAEL SHEEHAN, BRIAN LEE WILSON, | ) |
| JOHN BERNARD LATHON, DANIEL BAXTER, | ) |
| VICENTE DIAZ, JR., TERRENCE LEE, | ) |
| DONALD R. RUTHERFORD, LEWIS C. HENRY, | ) |
| TERRY DIBBLE, JAMES HART, JAMES | ) |
| DeBARBARA, GARY L. DAILY, LAWRENCE | ) |
| MOYE′, NORMAN BELL, LUIS REYES, | ) |
| DEBRA BLANCHARD, VITO BASILE, | ) |
| EDWARD B. FRANCO, FORREST SANDERS, | ) |
| CORNELIUS B. LEWIS, CLARENCE R. JONES, | ) |
| FERNANDO HERNANDEZ, JAMES BOURQUE, | ) |
| TIMOTHY GIANCANA, ERNESTO PEREZ, | ) |
| EUGENE SPAGNOLA, ERIC ZIKE, | ) |
| LaVERTIS STEWART, KELLY RAY HART, | ) |
| and RONNIE F. STOOKEY-ORTIZ, | ) |
| | ) |

1

|   |   |   |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| -vs.- | ) | No. 08-2232 |
| | ) | |
| WILLARD O. ELYEA, M.D., | ) | |
| MICHAEL PRUISIS, and WEXFORD CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF THE MOTION FOR INJUNCTIVE RELIEF**

NOW COME the Plaintiffs, JEFFREY ORR, et al., by their attorneys, HELLER, HOLMES & ASSOCIATES, P.C., and for their Memorandum in Support of the Motion for Injunctive Relief, say:

In this case, the Plaintiffs seek monetary and injunctive damages for the failure of the Defendants to properly treat their current infection with Hepatitis C. Injunctive relief is available, even if its scope is limited. 18 USCS sec. 3626.

The plaintiff's here are likely to meet the test set forth in <u>Lambert v. Buss</u> C.A. 7, 2007, 498 F.3d 446.

First, the plaintiffs are likely to prevail. Given the posture of this case and its predecessor (<u>Roe</u>) there is a reasonable likelihood that the Plaintiffs will prevail. The medical condition which the Plaintiffs have are objectively serious and the refusal of the Defendants to treatment are not only deliberately indifferent, but are in fact intentional. The jury in <u>Roe</u> so indicated. The state actors are collaterally estopped from denying the same. <u>Orlando Residence, LTD. V. GP Credit Co. ,LLC</u> C.A.7 2009 553 F.3d 550.

The plaintiffs do not have an adequate remedy at law. No amount of money will compensate the defendants if they die. Giving them money and allowing them to seek treatment elsewhere is

2

clearly not an option for most of the plaintiffs.

Third, the test of irreparable harm is clearly met given the potential death of each plaintiff.

The Court notes that if the plaintiffs then establish they meet these tests, it must weigh the burden as between the parties. Citing <u>Girl Scouts v Girl Scouts</u> 549 F.3d 1079. In that case, the Court held that a serious risk to goodwill was enough to grant injunctive relief. When the outcome of the failure to treat is death, the monetary cost to the defendant pales. Ed Roe is dead. He did not have to die. Is $20,000.00 to much to have spent to have saved Ed's life. What of the 450 current plaintiff's (16 %) who statistically will die if untreated. Would their families think the cost of treatment is too high a price to pay.

While the parties may quibble about the exact details of the injunctive relief, or whether the requested relief is too broad, the plaintiffs need and are entitled to relief. Maybe a Court appointed expert, trained in the treatment of Hepatitis C and without a motive to lean one way or the other could assist the Court in narrowly tailoring relief. See Federal Rule of Evidence 706.

Proper treatment includes proper monitoring and medical treatment when called for <u>Lee v. Baird</u> 2008 Lexis U.S. District 21338. It goes without saying that the longer Hepatitis C goes untreated, the more likely it is that the complications from the disease will manifest. The disease is progressive and the damage is irreversible. Those complications include greater dificulaty of treatment of the disease, liver cancer, the need for liver replacement, and death. None of the Plaintiffs relish the thought of death as a result of the unwillingness of the Defendants to treat their medical condition. The availability of monetary damages in and of itself is not grounds to deny injunctive relief.. Clearly reasonable lay persons would think that this disease is sufficiently serious

that it deserves to be treated.

Where treatment is required under the deliberate indifference standard, the treatment given must meet the standard of care. West v. Atkins 108 S. Ct. 2250. It is the current standard of care to follow the ASLD protocol. See An injunction to require this treatment is appropriate as the Supreme Court noted in Brown v. Plata 131 S. Ct. 1910. "Having engaged in remedial efforts for 5 years in Plata and 12 in Coleman, the District Courts were not required to wait to see whether their more recent efforts would yield equal disappointment."

The Federal Bureau of Prisons in their guidelines indicate the need for monitoring and treatment. The Association for the Study of Liver Disease protocol provides information relative to treatment and management of Hepatitis C. Yet, the Defendants ignore these directives and refuse proper monitoring and treatment of the Plaintiffs and other similarly situated. In fact, they refuse to even do genotype testing to know whether or not alternative forms of treatment are available.

Under the circumstances, the Court should entertain injunctive relief and require the Defendants to treat the named Plaintiffs and all other Plaintiffs similarly situated.

JEFFREY ORR, et al., Plaintiffs

By    /s/ H. Kent Heller
H. KENT HELLER
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway Avenue, P.O. Box 889
Mattoon, IL 61938
TEL: 217-235-2700
FAX: 217-235-0743
E-Mail: kent@hhlawoff.com
ARDC No. 1181009

**CERTIFICATE OF SERVICE**

    I, the undersigned, certify that a true and correct copy of the foregoing was electronically served, this 25th day of July, 2013, to the following:

    Theresa M. Powell
    tpowell@hrva.com, ejarman@hrva.com, sprecf@hrva.com

    Joseph N. Rupcich
    jrupcich@atg.state.il.us, bmyers@atg.state.il.us, jginter@atg.state.il.us, lmsmith@atg.state.il.us

        /s/    H. Kent Heller
        H. KENT HELLER
        HELLER, HOLMES & ASSOCIATES, P.C.
        1101 Broadway, P. O. Box 889
        Mattoon IL 61938
        TEL: 217-235-2700
        FAX: 217-235-0743
        E-Mail: kent@hhlawoff.com
        ARDC No. 1181009

Subscribed and sworn to before me this 25th day of July, 2013.

/s/    Katherine J. Storm
      Notary Public

c:orr16005.memoranduminsupportofthemotionforinjunctiverelief/kjs12182008