UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEFFREY D. ORR, et al.,         )
                                )
                                )   08-CV-2232
            v.                  )
                                )
WILLARD O. ELYEA, et al.        )
                                )
                                )

## ORDER APPOINTING ANDREW BATEY, M. D. AS THE COURT'S EXPERT

As required by Federal Rule of Evidence 706, the court has given the parties notice of its intent to appoint Dr. Batey as an expert and has directed the parties to show cause why Dr. Batey should not be appointed. The court intends to seek Dr. Batey's advice on the "proper protocols for the identification and treatment of Hepatitis C patients in the correctional setting, including: the time requirements for work up, treatment and follow up, and the fibrosis levels at which medical treatment is indicated." (6/17/14 order).

Dr. Shicker, the IDOC's Medical Director, objects to the scope of Dr. Batey's duties, arguing that the question is not what Dr. Batey thinks the protocol should be but rather whether Dr. Shicker's protocol amounts to deliberate indifference. It is true that Dr. Shicker is not liable under the Eighth Amendment unless his treatment protocol is "such a substantial departure from accepted professional judgment, practice, or standards." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)(*quoting Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2009). But in order to determine whether Dr. Shicker's protocol is a substantial departure from acceptable standards, the court needs to know what the acceptable standards in the medical profession are, not the medical practices of the IDOC. Confining Dr. Batey to an opinion on Dr. Shicker's protocol is too narrow an approach.

Dr. Shicker also argues that Dr. Batey's duties are not sufficiently delineated: Will Dr. Batey review the plaintiff's medical files? Speak to treating physicians? Consider budgetary ramifications? No. At this point, all the court needs from Dr. Batey is an opinion on the appropriate medical protocols for the treatment of Hepatitis C. Of course, budgetary concerns are relevant to the deliberate indifference inquiry–the plaintiffs are not constitutionally entitled to the best of health care. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). However, the cost of adequate treatment cannot be determined until it is determined what that treatment is. After Dr. Batey files his initial report, the court may expand Dr. Batey's duties by directing him to opine on the parties' proposed protocols. For now, the court simply needs to know how someone with Hepatitis C should be diagnosed and treated, *i.e.*, what are the acceptable professional judgment, practices and standards for diagnosis and treatment of Hepatitis C patients.

Dr. Shicker also objects because no hourly rate is given for Dr. Batey's services. The court will ask Dr. Batey to submit an invoice for the preparation of his initial report and to inform the court of his hourly fee for additional time spent on the case. The costs for Dr. Batey's services will be taxed at the end of the case, or, if the case settles, will be apportioned among the parties as directed by the court.

IT IS ORDERED:

1. Pursuant to Federal Rule of Evidence 706, Andrew Batey. M, D, is appointed as the court's expert in this case.

2. Dr. Batey is directed to prepare a written opinion setting forth the proper protocols for the identification and treatment of Hepatitis C patients in the correctional setting, including the time requirements for work up, treatment and follow up, and the fibrosis levels (or other variables) at which medical treatment is indicated. The opinion shall state the facts or data considered, the basis and reasons for the opinions, Dr. Batey's qualifications (including publications), and a list of cases, if any, in which Dr. Batey has testified as an expert at trial or by deposition. Dr. Batey shall also state his fee for preparing the opinion and his hourly fee for providing additional services.

3. The court has no position in the case, and Dr. Batey is at liberty to express his opinions freely.

4. Dr. Batey's role is to be a neutral participant and freely express his opinions on the appropriate medical protocols for the treatment of Hepatitis C.

5. Dr. Batey shall be available for discovery procedures and to testify, if necessary.

6. If requested, Dr. Batey shall be available for consultation and discussion with the parties' medical experts to the end of reaching a consensus on proper protocols.

7. Dr. Batey shall provide his written opinion to the Court by November 17, 2014.

8. The clerk is directed to send a copy of this order to Dr. Batey.

Entered this 14th day of October, 2014.

                                                 s/Harold A. Baker
                                                   Harold A. Baker
                                       United States District Judge