## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY ORR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | 08-CV-2232 |
| | ) | |
| WILLARD O'ELYEA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CASE MANAGEMENT ORDER

The parties have made significant progress in their negotiations, with the help of the Special Master. However, that progress appears to have stalled, and it is time to move the litigation forward. The first step, in the court's view, is to determine whether the IDOC's current treatment protocol for Hepatitis C, on its face, is deliberately indifferent. An evidentiary hearing will be scheduled on the plaintiff's motion for a permanent injunction, which will be treated as a motion for preliminary injunction, amended to address the current IDOC Hepatitis C treatment protocol, and directed solely to Dr. Schicker as the current IDOC medical director. After ruling on the preliminary injunction, the Court will determine how to handle any allegations that 1) the current protocol has been applied with deliberate indifference, 2) prior protocols were deliberately indifferent on their face or as applied, and 3) there are any resulting damages.

**IT IS ORDERED:**

1) Rule 26 expert disclosures are due March 20, 2015.

2) Depositions of the parties' experts and expert discovery shall be completed by May 29, 2015.

3) The court's expert, Dr. Batey, may be deposed for settlement purposes under the court's supervision at the courthouse in Urbana. The parties are encouraged to limit their examination to those aspects of the protocol that are not already tentatively agreed upon. In a separate order, the court will schedule Dr. Batey's deposition. Costs of Dr. Batey's deposition, including Dr. Batey's fee, will be shared equally by the parties choosing to participate in the deposition.

4) The parties' expert reports and transcripts of the depositions of the experts shall be filed with the Court by June 30, 2015.

5) An evidentiary hearing is set for October 16, 2015, at 9:00 a.m., on plaintiff's motion for a permanent injunction (272) modified as set forth above. The focus of the evidentiary hearing will be whether, in the context of preliminary injunction standards, the IDOC's current protocol on the diagnosis and treatment of Hepatitis C is deliberately indifferent on its face, and, if so, what preliminary injunctive relief should be granted, including whether Dr. Batey's recommendations would be appropriate preliminary injunctive relief.

6) The motions to intervene are denied (274, 275, 276, 277, 320, 321, 322, 323, 324, 325, 326, 327, 328), with leave to renew after the Court rules on the motion for injunction.

Entered this 6th day of March, 2015.

**/s/ Harold A. Baker**
_____
Harold A. Baker
United States District Judge