IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JEFFREY ORR, et al.,                )
                                    )
              Plaintiffs,           )
                                    )
        -vs.-                       )       No. 08-2232
                                    )
WILLARD O. ELYEA, M.D.,             )
MICHAEL PRUISIS, and WEXFORD CORP., )
                                    )
              Defendants.           )

**MOTION TO RECONSIDER CLASS CERTIFICATION**

Now Come the Plaintiffs, by their attorneys, HELLER, HOLMES & ASSOCIATES, P.C., and for their Motion to Reconsider Class Certification, say:

The Plaintiff adopts and restates each and every reason set forth in the previous Motion to Certify the Prisoners with Hepatitis C as a class before this Court and in addition, says:

1. That without class certification the Court cannot fashion a remedy which is binding upon all of the non-party plaintiffs and will not achieve its goal of "closing the door on the endless parade of plaintiffs."

2. That no global settlement could ever be reached in the absence of a class certification in that plaintiffs' counsel would have to secure the independent consent to the settlement on a prisoner by prisoner basis and it is unlikely that any settlement would actually meet with the approval of all of the plaintiffs. In addition, non-parties would not be bound by the settlement and would be free to petition the Court for remedies including damages as long as the statute of limitations were open.

3. That even if the Court were to enter injunctive relief in the Orr case, in the absence of class certification each of the groups of plaintiffs in the other cases would be obligated to seek an

injunction based upon collateral estoppel and individuals with Hepatitis who are not currently parties to the suit would be without remedy.

4. That in the absence of class certification no "formula" could be impressed upon the individual defendants resulting in a settlement that was fair to not only the class but the defendants.

5. That the Court is faced with dealing with some 1300 claims now and an additional 1700 or more in the future.

6. That as shown by EXHIBIT A attached, Judge Mihm has certified a class much broader than that sought here against the Department of Corrections in that he certified all inmates or future inmates who now need or in the future will need mental health care.

7. That in *Lippert v. Godinez* the Northern District's expert found that the IDOC medical system as a whole does not meet constitutional muster for providing health care to all of the plaintiffs which would include each and every one of the plaintiffs before the Court currently. See report attached hereto as EXHIBIT B.

8. That the State has made a condition of negotiating a settlement the authority to enter into settlement negotiations on behalf of each and every plaintiff. In the absence of class certification it is unlikely that anyone could receive universal authority especially when any proposed resolution would exclude some plaintiffs from care. In light of the fact that the State has also rejected universal treatment, the conditions upon negotiations would appear to preclude any further settlement negotiations in the absence of class certification. A class certification will allow the Court and counsel to uniformly deal with the problem, increased judicial economy and allow for finality in this process.

9. That as the case develops, the Court can always stratify the class and divide it into sub-

classes who would receive disparate treatment. Nothing in the certification's class requires that all class members be treated the same and it would be conceivable to stratify the class by genotype, fibrosis level, length of stay, etc.

WHEREFORE, Plaintiffs pray that this Court reconsider its prior ruling on class certification and certify as a class all those prisoners or future prisoners in the Illinois Department of Corrections who now need or in the future may need Hepatitis C treatment.

JEFFREY ORR, et al., Plaintiff

By      /s/ H. Kent Heller_____
H. KENT HELLER
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway Avenue, P.O. Box 889
Mattoon, IL 61938
TEL: 217-235-2700
FAX: 217-235-0743
E-Mail: kent@hhlawoff.com
ARDC No. 1181009

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that a true and correct copy of the foregoing was electronically served this 22nd day of January, 2016, to the following:

| | |
|---|---|
| Christopher D. Galanos | cgalanos@qjhpc.com, cremington@qjhpc.com, jsisson@qjhps.com |
| James A. Borland | jborland@qjhpc.com, cremington@qjhpc.com, dgrunder@qjhpc.com |
| Russell L. Reed | rreed@hinshawlaw.com, dbammann@hinshawlaw.com |
| Karen L. McNaught | kmcnaught@atg.state.il.us, bmyers@atg.state.il.us, bjohnson@atg.state.il.us, kturnbull@atg.state.il.us, kwerth@atg.state.il.us, mabecker@atg.state.il.us, |
| Terence J. Corrigan | tcorrigan@atg.state.il.us, bmyers@atg.state.il.us, jschlecht@atg.state.il.us, kturnbull@atg.state.il.us, kwerth@atg.state.il.us, mabecker@atg.state.il.us, |

lweitekamp@atg.state.il.us, tflinn@atg.state.il.us

Richard J. Gray        rgray@jenner.com

/s/    H. Kent Heller
H. KENT HELLER
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway, P. O. Box 889
Mattoon IL 61938
TEL: 217-235-2700
FAX: 217-235-0743
E-Mail: kent@hhlawoff.com
ARDC No. 1181009

Subscribed and sworn to before me
this 22nd day of January, 2016.

/s/    Katherine J. Storm
        Notary Public

c:orr 16005 12.14.15 motion to reconsider class certification