UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY ORR, et al. | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | 08-CV-2232 |
| | ) | |
| WILLARD O. ELYEA, et al., | ) | |
|     Defendants. | ) | |

**ORDER**

The plaintiffs are former or current IDOC inmates challenging the denial of Hepatitis C treatment during their incarceration. The court has heard evidence on Plaintiffs' request for preliminary injunctive relief, which is set to continue on October 17.

Plaintiffs move for reconsideration of the denial of their motion for class certification. Judge McCuskey denied that motion, as did this court in a similar case, Roe v. Elyea, 06-cv-3034. Much has changed since those denials. Defendants contend that reconsideration is improper, but denial or grants of class certification may be modified at any time before judgment. Fed. R. Civ. P. 23(c)(1)(c).

When this case began nearly 8 years ago, whether treatment should be started and what that treatment should be was dependent upon many factors, making it difficult to find the commonality necessary for a class action. Also, the treatment had serious side effects, which further individualized treatment decisions.

Now, as the court has learned through the evidentiary hearing held January 25, 2016, and the deposition testimony of Dr. Batey and Dr. Thomas, new treatments are available to successfully treat most cases of Hepatitis C in 12 weeks with minimal serious side effects. (*See* 8/1/15 deposition of Dr. Batey (transcript at 363); 1/25/16 evidentiary hearing (transcript at 376); 4/13/2016 deposition of Dr. Thomas (transcript at 382). The IDOC's treatment policy has changed in light of these developments, but the IDOC currently refuses to consider treatment for anyone with a fibrosis level of less than 3. That dispute, along with the length of stay required in the IDOC before treatment will be considered, are at the heart of the debate in the ongoing preliminary injunction hearing.

The evidence thus far may support class certification for the purposes of injunctive relief. A possible class for injunctive relief might be defined as any inmate who is now or will be

confined in the Illinois Department of Corrections facilities for at least one year[1] who has Hepatitis C and who is being denied treatment based on his or her fibrosis level or length of stay. The certification would be under Federal Rule of Civil Procedure 23(b)(2) for purposes of injunctive relief only.

The court is not defining a class for injunctive relief in this order. The court is only indicating its willingness to do so. The plaintiffs need to file an amended motion for class certification, stating specifically what class(es) they seek to certify for purposes of injunctive relief. The plaintiffs also need to identify the representatives of the class in a way to demonstrate that the representative plaintiffs are typical of the proposed class and to address the other requirements of Federal Rule 23. *Wal-Mart Stores, Inc. V. Dukes*, 564 U.S. 338 (2011)("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule . . . ."). Simply defining the class as all inmates with Hepatitis C who have been denied treatment is too broad. Similarly, asking that the AASLD guidelines be adopted by the IDOC is too broad. In their request for injunctive relief on a class-wide basis, the plaintiffs must clearly identify how the current IDOC guidelines fall short and exactly how those guidelines need to change. *See* 18 U.S.C. Section 3626(a) and (b)(with regard to prison conditions, injunctive relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.").

**IT IS ORDERED:**

(1) The plaintiffs' motion to reconsider class certification is denied (362) with leave to renew by October 31, 2016.

(2) Also by October 31, 2016, the plaintiffs are directed to file a motion for preliminary injunction specifying exactly the injunctive relief they seek. This motion will replace the current preliminary injunction motion (272) which is out of date given the advancements in treatment.

(3) Defendant Shicker's motion for an extension to file objections to the plaintiffs' motion to amend is granted (385). The court has considered the objections.

(3) The plaintiffs' motion to add a malpractice claim to their complaint is granted (383). The plaintiffs are directed to file their amended complaint by October 31, 2016. The amended complaint will completely replace the original complaint. The defendants may again raise their objections to the amended complaint in a motion to dismiss filed by November 15, 2016.

(4) The unopposed motion to intervene by several inmates who do not have Hepatitis C is denied (384). The proposed intervenors claim that the failure to treat all inmates with Hepatitis

---

[1] One year was the time suggested by the Court's expert, Dr. Batey, but there may be evidence that a shorter time is feasible.

C puts them at a substantial risk of contracting the disease.  They do not explain how they are at an unavoidable substantial risk of contracting Hepatitis C.  Hepatitis C is spread when "the blood from a person infected . . . enters the body of someone who is not infected.  Today, most people become infected with the Hepatitis C virus by sharing needles or other equipment to inject drugs."  (www.cdc.gov).  It is difficult to see how this could be a viable claim.  In any event, the plaintiffs have not shown how permissive nor mandatory intervention is warranted.   The plaintiffs are already adequately representing the proposed intervenors' interest.

(5) The plaintiffs' motion to cite authority is granted (379).

(6) The pro se plaintiff's motion for examination is denied (378).  Only the plaintiffs' counsel may file motions.

Entered: October 7, 2016

       _s/Harold A. Baker_____
       HAROLD A. BAKER
       U.S. DISTRICT JUDGE