E-FILED
Monday, 12 December, 2016  10:25:51 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JEFFREY ORR, et al, | ) |
| Plaintiffs, | ) Case No. 2:08-cv-02232-HAB |
| v. | ) Judge: Harold A. Baker |
| WILLARD ELYEA, LOUIS SHICKER, et al, | ) |
| Defendants. | ) |

**DEFENDANT, WILLARD ELYEA, M.D.'S  AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant, WILLARD ELYEA, M.D., by and through his counsel, Hinshaw & Culbertson LLP, and pursuant to Rules of the Federal Rules of Civil Procedure, hereby files his amended answer and affirmative defenses. In support thereof, the following statements are made.

1. The Plaintiffs are or were inmates at various Correctional Centers, prisons maintained by the Illinois Department of Corrections (hereinafter "IDOC") in Illinois who are eligible to file:

**ANSWER:** **Defendant, Dr. Willard Elyea, admits that the remaining plaintiffs in *Orr v. Elyea, et al (02:08-cv-2232)* and *Collins v. Elyea, et al (02:10-cv-2095)* were inmates confined to the Illinois Department of Corrections.  Defendant has insufficient knowledge to admit or deny whether the plaintiffs are eligible to file this complaint.**

2. The Plaintiffs have all been diagnosed through blood work as carrying the Hepatitis C virus.

**ANSWER:** **Defendant, Dr. Louis Shicker, has insufficient knowledge to admit or deny the allegations contained in ¶2 of the complaint.**

3. That Dr. Shicker succeeded Dr. Puisis as medical director. He adopted a policy which no treatment until a person with Hepatitis C has 2 years left on his sentence and has stage III fibrosis. That policy has been amended at times but still excludes prisoners who can be treated within their term either based on length of stay or fibrosis level.

**ANSWER:** **Defendant, Willard Elyea, M.D. admits Dr. Louis Shicker succeeded Dr. Puisis as Medical Director of the Illinois Department of Corrections. Defendant, Willard Elyea, M.D. denies that one or more of the policies adopted by the Illinois Department of Corrections excluded treatment to inmates with Hepatitis C who had two or more years remaining on their sentences and had a fibrosis level of Stage III or higher. Defendant, Willard Elyea, M.D. denies that he did not allow physicians to make independent medical judgments on whether to treat an inmate outside of this guideline. Defendant, Willard Elyea, M.D. admits that the guidelines have been amended several times as medical treatment has been developed. Defendant, Willard Elyea, M.D. denies the remaining allegations contained in ¶3 of the complaint.**

4. Defendant IDOC is the state agency charged with running the prison system and are joined so as to allow complete injunctive relief.

**ANSWER:** **Defendant, Willard Elyea, M.D. admits that the Illinois Department of Corrections is the State agency charged with the confinement of prison inmates who are serving sentences imposed by the various Illinois Circuit Courts. Defendant, Willard Elyea, M.D. denies the remaining allegations contained in ¶4 of the complaint.**

5. Wexford currently administers most of the medical care within IDOC. They are joined so that any injunctive relief which would be granted could be enforced against the actual medical providers. In addition, Plaintiffs' claim that this Defendant by and through its committed medical negligence.

**ANSWER:** **Defendant, Willard Elyea, M.D. admits that Wexford Medical Services, Inc. administers most of the medical care to inmates confined to the Illinois Department of Corrections. Defendant, Willard Elyea, M.D. has insufficient knowledge to admit or deny the remaining allegations contained in ¶5 of the complaint. Defendant, Willard Elyea, M.D. further denies that said complaint adequately pleads a claim for medical negligence.**

6. Plaintiffs have exhausted all administrative remedies available to them. Further, Defendants have adopted a polity (*sic*) that all grievances in this matter are to be denied without consideration making further administrative efforts futile.

**ANSWER:** **Defendant, Willard Elyea, M.D. has insufficient knowledge to admit or deny whether plaintiffs have exhausted their administrative remedies. Defendant, Willard Elyea, M.D. denies the remaining allegations contained in ¶6 of the complaint.**

## FACTUAL CLAIMS

7. Hepatitis C is a potentially fatal disease which if left untreated may cause cirrhosis, or destruction of the liver, may lead to liver cancer and causes other symptoms to those it afflicts, thus it poses a substantial risk of serious harm to Plaintiffs.

**ANSWER:** **Defendant, Willard Elyea, M.D. admits that Hepatitis C is a potentially fatal disease, which may cause cirrhosis or destruction of the liver if left untreated. Defendant, Willard Elyea, M.D. denies the remaining allegations contained in ¶7 of the complaint.**

8. Defendants know that Hepatitis C poses a substantial risk of serious harm to the Plaintiffs.

**ANSWER:** **Defendant, Willard Elyea, M.D. denies the allegations contained in ¶8 of the complaint.**

9. A highly effective chemical treatment program for Hepatitis C is available, which has been shown to reduce the effects of Hepatitis C, and even in some cases destroy it completely. Treatment begun early is more effective than when treatment is delayed.

**ANSWER:** **Defendant, Willard Elyea, M.D. admits that there currently is a highly effective chemical treatment program available for the treatment of Hepatitis C. Defendant, Willard Elyea, M.D. has insufficient knowledge to admit or deny the remaining allegations contained in ¶9 of the complaint.**

10. Before initiating this chemical treatment, however, the usual clinical step is to refer the patient to a specialist to determine a geno-type of the virus and fibrosis level.

**ANSWER:** **Defendant, Willard Elyea, M.D. denies the allegations contained in ¶10 of the complaint.**

11. None of the Plaintiffs have received proper medical care for his or her Hepatitis C.

**ANSWER:** **Defendant, Willard Elyea, M.D. denies the allegations contained in ¶11 of the complaint.**

12. IDOC, through Defendants, claims to follow the federal guidelines for treatment of Hepatitis C. They follow the provisions for pretrial detainees. They set artificial barriers to treatment and take whatever steps they can to avoid treating Plaintiffs. They refuse to treat Plaintiffs who have fibrosis levels below F3 even though such treatment is the current standard of care and is a "medical necessity."

**ANSWER:** **Defendant, Willard Elyea, M.D. denies the allegations contained in ¶12 of the complaint.**

13. Treatment for Hepatitis C is more effective when it is begun early in the course of the disease. However, if treatment is postponed, adverse effects of the disease and the necessity of a liver transplant become much more likely. Liver transplants are painful, difficult to obtain, and result in a lower recovery rate than the chemical treatment available for the early stages of Hepatitis C infection. In addition, chronically infected Hepatitis patients have a 2.3 – 3.t times higher incident of other maladies as a result of the untreated infection.

**ANSWER:** **Defendant, Willard Elyea, M.D. has insufficient knowledge to admit or deny the allegations contained in ¶13 of the complaint.**

14. Defendants refuse to administer the Hepatitis C chemical treatment to Plaintiffs.

**ANSWER:** **Defendant, Willard Elyea, M.D. has insufficient knowledge to admit or deny the allegations contained in ¶14 of the complaint.**

15. By refusing to treat Plaintiffs for Hepatitis C, Defendants are deliberately indifferent to the substantial risk of serious harm faced by the Plaintiffs. Many Plaintiffs have

suffered and have died since the suit was filed and similar suits, Plaintiffs will die before this case is over unless the Defendants are ordered to begin treatment.

**ANSWER:** **Defendant, Willard Elyea, M.D. has insufficient knowledge to admit or deny whether any of the plaintiffs have died and affirmatively asserts that if they have died, they are improper parties to this action. Defendant, Willard Elyea, M.D. denies the allegations contained in ¶15 of the complaint.**

16. Defendants' refusal to treat Plaintiffs for Hepatitis C is a willful and intentional deprivation meriting a punitive damage award against Defendants.

**ANSWER:** **Defendant, Willard Elyea, M.D. denies the allegations contained in ¶16 of the complaint.**

17. Defendant' refusal to treat Plaintiffs for Hepatitis C is causing and continues to cause irreparable harm to Plaintiffs.

**ANSWER:** **Defendant, Willard Elyea, M.D. denies the allegations contained in ¶17 of the complaint.**

18. Defendants' refusal to treat Plaintiffs for Hepatitis C is causing the Plaintiffs compensable pain and suffering.

**ANSWER:** **Defendant, Willard Elyea, M.D. denies the allegations contained in ¶18 of the complaint.**

## AFFIRMATIVE DEFENSES

1. At all times relevant herein, Defendant, Willard Elyea, M.D., acted in good faith in the performance of his official duties and without violating Plaintiffs' clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant, Willard Elyea, M.D. is therefore protected from suit by the doctrine of qualified immunity.

2. To the extent that the Plaintiffs' have failed to exhaust their administrative remedies prior to the initiation of this cause of action, Plaintiffs' claims are barred by the Prison Litigation Reform Act.

131566588v1 0899622

3. To the extent that the alleged actions of the Defendant, Willard Elyea, M.D., occurred more than two years prior to the initiation of this cause of actions, Plaintiffs' claims are barred by the statute of limitations.

4. To the extent that Plaintiffs' claims for money damages are brought against Defendant, Willard Elyea, M.D. in is official capacity, said claims are barred by the Eleventh Amendment.

5. The injunctive relief Plaintiffs request would violate §3626 of the Prison Litigation Reform Act.

6. Plaintiffs' Amended Complaint fails to plead any acts or omissions on the part of Defendant, Willard Elyea, M.D.

## DEFENDANT, WILLARD ELYEA, M.D., DEMANDS A TRIAL BY JURY

## COUNT II

Count II does not appear to make any allegations against Defendant, Willard Elyea, M.D. As such, Dr. Elyea makes no answer. To the extent that there are any allegations directed against Dr. Elyea in this Count, he respectfully asks for leave to respond.

## COUNT III

Count III does not appear to make any allegations against Defendant, Willard Elyea, M.D. As such, Dr. Elyea makes no answer. To the extent that there are any allegations directed against Dr. Elyea in this Count, he respectfully asks for leave to respond.

WHEREFORE for the above and foregoing reasons, Defendant, Willard Elyea, M.D., respectfully requests that judgment be entered in his favor and against plaintiffs.

Dated:  December 12, 2016	Respectfully submitted,

/s/ Russell L. Reed
Russell L. Reed, ARDC 6196489
rreed@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street, Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Attorneys for Defendant WILLARD ELYEA

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2016, I caused to be electronically filed the foregoing DEFENDANT, WILLARD ELYEA, M.D.'S AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

| | | |
|---|---|---|
| H. Kent Heller | Email: | kent@hhlawoff.com |
| James A. Borland | Email: | jborland@gjhpc.com |
| Christopher D. Galanos | Email: | cgalanos@qjhpc.com |
| Karen L. McNaught | Email: | kmcnaught@atg.state.il.us |
| Jerrod L. Williams | Email: | jlwilliams@atg.state.il.us |
| Richard J. Gray | Email: | rgray@jenner.com |

and I hereby certify that on December 12, 2016, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

**NONE**

/s/ Russell L. Reed
Russell L. Reed  #6196489
rreed@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street, Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Attorneys for Defendant WILLARD ELYEA

131566588v1 0899622