UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY ORR, | ) | |
| | ) | |
| Plaintiff, | ) | 08-CV-2232 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLARD O. ELYEA, et al., | ) | |
| | ) | |
| Defendants. | | |

### ORDER

This order rules on pending motions related to the evidentiary hearing scheduled for January 22 and 23, 2019.

**IT IS ORDERED:**

**1)   The motions to reconsider the court's consolidation of cases and denial of a stay are denied. (d/e's 480, 486.)**

The primary issues to be decided at this point are whether Plaintiffs' preliminary injunction motion and class certification motion should be granted.  Consolidation makes sense because the Wexford Defendants will be bound by a preliminary injunction order anyway if one is granted.  *See*  Fed. R. Civ. P. 65(d)(1)(C)(persons in active concert and with notice are bound by

injunctive order). Consolidating the cases allows the Wexford Defendants to participate in the process before the court makes a decision.

As for staying these cases, the *Lippert* case is far from delineating specific treatment protocols for Hepatitis C. *Lippert* involves systemic changes such as staffing, oversight, facilities, supervision, and recordkeeping, so it is not clear if *Lippert* ever will address Hepatitis C protocols at the same level of specificity as these cases.

**2)   Plaintiffs' motion to use Dr. Prosky's recent deposition testimony in lieu of Dr. Prosky's live appearance at the hearing is granted. (d/e 485.)**

**3)   The motions to exclude expert testimony at the evidentiary hearing are denied. (d/e's 488, 489.)**

Plaintiff apparently intends to subpoena Dr. Puisis, who was appointed as an expert in the *Lippert* case. The order appointing Dr. Puisis bars him from providing opinions or testimony in "unrelated cases based on knowledge and/or information gained in the course of performing their services in this

matter." (d/e 489, p. 2.)  The court does not expect Dr. Puisis to violate the *Lippert* order.  However, Dr. Puisis should be able opine on how and when Hepatitis C treatment should be started and the risks of waiting.  Dr. Puisis did not gain knowledge of those issues through his appointment as an expert in *Lippert*.

As for the defendants' objections that Plaintiffs' expert opinions have not been disclosed, Dr. Prosky's opinions have already been made known.  Defendants may make an objection at the hearing if Plaintiffs call other experts who have not disclosed their opinions.

**ENTERED:**  January 15, 2019

/s/ Harold A. Baker

_____
HAROLD A. BAKER
United States District Judge