UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY ORR, et al., | ) |
| Plaintiff, | ) |
| | ) Case No. 08-cv-2232 |
| WILLARD O. ELYEA, et al., | ) |
| Defendants. | ) |

## **ORDER**

On February 4, 2019, the court granted class certification to two classes and granted relief to one of those classes. Inmates with a fibrosis level of 2 or more are to be treated in accordance with the protocols adopted by the IDOC in January 2019, with a few additions.

Defendant Wexford moves to stay pending appeals, but there is no reason to delay treating these inmates. Implementing the preliminary injunction order should not be overly burdensome and is already planned. The protocol has been in place since January and has not really changed that much from the prior protocol. The court will forge ahead absent an order to stay from the Seventh Circuit Court of Appeals.

The IDOC Defendants ask the court to reconsider its decision granting certification and the preliminary injunction. That motion is denied for the reasons already stated in the court's order granting the preliminary injunction. The IDOC asks for more time to implement the protocol, but the court does not see why more time is necessary. Due consideration will be given to any concrete snags in implementation. They also argue that there is no ongoing constitutional violation, but that argument contradicts their apparent assertion that they have not implemented the protocol yet. Additionally, the protocol as written still needs the time limits added by the court (testing in 3 months, treatment in 6 months) in order to prevent a substantial risk of serious harm, which means there is an ongoing violation. Lastly, this court's preliminary injunctive order does not conflict with the consent decree *Lippert* for the reasons already stated by the court. The *Lippert* consent decree gives no specifics on how inmates with Hepatitis C will be treated.

**IT IS ORDERED:**

(1) The motion to stay is denied. (d/e 513.)

(2)  The motion to reconsider is denied. (d/e 508.)

(3)  The pro se motions are denied because the plaintiffs have counsel. (d/e's 465, 483, 504, 510.)

(4)  The plaintiff's motion for pricing and motion for an extension are moot. (d/e 470, 518.)

(5)  By April 22, 2019, the current Medical Director of the IDOC is directed to:

    a)  Identify the fibrosis level of the named Plaintiffs who are currently IDOC inmates.

    b)  Inform the court whether inmates identified in paragraph (a) have received antiviral treatment, and, if not, when treatment will be started.

    c)  Identify the names of current IDOC inmates who are not named Plaintiffs but who have tested at a fibrosis level of 2 or greater.

    d)  Inform the court whether inmates identified in paragraph (c) have received antiviral treatment, and, if not, when treatment will be started.

e) Inform the court of the IDOC's plan to determine the fibrosis levels of the inmates not identified in paragraphs (a) and (c) above, including the time line for doing so.

Entered:  March 25, 2019

_s/Harold A. Baker___
HAROLD A. BAKER
U.S. DISTRICT JUDGE