IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jeffrey Orr, et al., | ) | |
| v. | ) | 08-CV-2232 |
| Willard O. Elyea, et al. | ) | |

| | | |
|---|---|---|
| Dustin Collins, et al., | ) | |
| v. | ) | 10-CV-2095 |
| Willard O. Elyea, et al. | ) | |

| | | |
|---|---|---|
| Clarence Raymond Jones, et al., | ) | |
| v. | ) | 10-CV-4011 |
| Willard O. Elyea, et al. | ) | |

| | | |
|---|---|---|
| Andre Kennedy, et al., | ) | |
| v. | ) | 12-CV-2155 |
| Willard O. Elyea, et al. | ) | |

| | | |
|---|---|---|
| Daniel Rentfro, et al., | ) | |
| v. | ) | 13-CV-2056 |
| Illinois Dept. of Corrections, et al. | ) | |

| | | |
|---|---|---|
| Rick Williams,, et al., | ) | |
| v. | ) | 15-CV-2221 |
| Dr. Louis Shicker, et al., | ) | |

| | | |
|---|---|---|
| Adrian Harris, et al., | ) | |
| v. | ) | 16-CV-1300 |

| | | |
|---|---|---|
| Wexford Corporation, et al., | ) | |
| Michael Glover, et al.,<br>    v.<br>Illinois Dept. of Corrections,<br>    et al., | )<br>)<br>)<br>) | 18-CV-2270 |
| James Ternaprovich, et al.,<br>    v.<br>Illinois Dept. of Corrections,<br>    et al., | )<br>)<br>)<br>) | 20-CV-1258 |

**ORDER**

**SARA DARROW, U.S. DISTRICT JUDGE.**

Thousands of former and current inmates spread over nine cases challenge the Illinois Department of Correction's various policies over the years for treating inmates with Hepatitis C. In March 2020, the Seventh Circuit Court of Appeals reversed Judge Baker's class certification and preliminary injunction order. On remand, settlement talks continue with Magistrate Judge Long. The cases were transferred to the undersigned in January 2022 after Judge Baker retired.

Years before the appeal, Judge Baker consolidated all the then-existing cases into lead case 08-cv-2232. The member cases were not closed. After the consolidations, some motions continued

to be filed in the open member cases instead of the lead case. Additionally, some pending motions in the member cases were filed before the consolidation. Case 20-cv-1258, which was filed after the remand, has not yet been consolidated.

In order to clarify the record, every member case will be closed. Motions pending in the member cases, regardless of when filed, will be denied with leave to renew in the lead case. This Court will rule on all pending motions in the lead case unless the parties file an agreed motion to stay those rulings pending settlement discussions.

The newest case, Ternaprovich v. IDOC, 20-cv-1258, has not yet been consolidated. The complaint in Ternaprovich appears mostly identical to the amended complaint in the lead case but differs in the respect that Ternaprovich's challenge appears limited to the current treatment policy, whereas the lead case challenges current and prior treatment policies. The parties in Ternaprovich will be given an opportunity to object to consolidating Ternaprovich into the lead case.

**IT IS ORDERED:**

**(1) The following cases are closed:**

**10-cv-2095**

        10-cv-4011
        12-cv-2155
        13-cv-2056
        15-cv-2221
        16-cv-1300
        18-cv-2270

(2) Any pending motions in the closed cases listed in paragraph one above are denied with leave to renew in the lead case, 08-cv-2232, by April 8, 2022.

(3) The parties shall not file anything in the closed cases listed in paragraph one above.

(4) If the parties intend to file an agreed motion to stay rulings in the lead case (08-cv-2232), they must do so by April 15, 2022. If no agreed motion to stay rulings is filed, the Court will rule on the pending motions without further notice after the response time has passed for the renewed motions. If Plaintiffs seek to file responses to pending motions previously filed in the lead case for which the response time has passed, then by April 11, 2022, Plaintiffs must file a motion for leave to file responses, attaching the proposed responses.

(5) If the parties in <u>Ternaprovich v. IDOC</u>, 20-cv-1258, intend to file an agreed motion to stay rulings in <u>Ternaprovich</u>, they must do so by April 15, 2022. If no agreed motion is filed, the Court will rule on the pending motions in <u>Ternaprovich</u> without further notice because the response time has passed. If Plaintiffs seek to file responses, then by April 11, 2022, Plaintiffs must file a motion for leave to file responses, attaching the proposed responses.

(6) By April 20, 2022, the parties in <u>Ternaprovich v. IDOC</u>, 20-cv-1258, shall file in that case any objections to consolidating <u>Ternaprovich</u> with the lead case, 08-cv-2232. If no objections are filed, then <u>Ternaprovich</u> will

be consolidated into the lead case (08-cv-2232), and <u>Ternaprovich</u> will be closed.

(7) In the lead case (08-cv-2232), the pro se motion for injunction by Plaintiff Melvin DeVost is struck because Mr. DeVost is represented by counsel. [585.]

(8) In the lead case (08-cv-2232), the pro se motion for a claim form by Plaintiff Jeffrey Miller is struck because Mr. Miller is represented by counsel. [584.]

(9) The clerk is directed to file this order in each of the cases listed in the caption.

ENTERED: March 16, 2022

<u>s/Sara Darrow</u>
SARA DARROW
U.S. DISTRICT JUDGE