IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY ORR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 08-CV-2232 |
| ) | |
| WILLARD O. ELYEA, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

**SARA DARROW, U.S. DISTRICT JUDGE.**

Former and current inmates challenge the Illinois Department of Correction's various policies over the years for treating inmates with Hepatitis C.  In March 2020, the Seventh Circuit Court of Appeals reversed Judge Baker's class certification and preliminary injunction order.  *Orr v. Shicker*, 953 F.3d 490 (7th Cir. 2020).  On March 16, 2022, this Court consolidated six other cases involving the same or similar claims into this case and gave the parties an opportunity to renew motions and file responses to pending motions.  This order rules on all pending motions for which the response time has passed.

Plaintiffs filed a motion for permanent injunctive relief on November 8, 2016, seeking to compel Defendants to adopt specific Hepatitis C treatment policies. [397.]  Plaintiffs represent that they are no longer seeking injunctive relief in this case [599, ¶ 2], mooting this motion.

Plaintiffs have moved to dismiss Defendant Wexford Health Sources, Inc.  No objections have been filed; therefore, Defendant Wexford will be dismissed.  The dismissal will be with prejudice because Plaintiffs concede that they seek no damages or injunctive relief against Wexford. [599, ¶ 1.]  The pending motions filed by Wexford will be denied as moot.

Plaintiffs move for an extension of time to substitute representatives for deceased plaintiffs, or, in the alternative, ask the Court to appoint a special administrator for the deceased plaintiffs.[1] [562.]  Defendants oppose this motion on the grounds that Plaintiffs have not identified the individuals who need more time to file for substitution or sufficiently explained why more time is needed.

---

[1] Plaintiffs maintain that they filed a motion for appointment of a special representative, but the Court does not see that motion.  Plaintiffs may be referring to their response to Wexford's motion to dismiss deceased defendants, in which Plaintiffs suggested that the public administrator of Champaign County be appointed to represent deceased plaintiffs whose families cannot afford probate proceedings. [561.]

Plaintiffs do not dispute that over 100 of them are deceased with no representative appointed, some having died more than a decade ago. The Court agrees with Defendants that granting a blanket extension to substitute for all deceased plaintiffs without knowing the circumstances would be unfairly prejudicial to Defendants. Plaintiff's request for the Court to appoint an administrator is similarly vague, citing no authority and offering no specifics. Plaintiffs' motion to extend the time for substitution will be denied.

Plaintiffs have filed a motion to substitute or add as Defendants the current IDOC Medical Director and any other Medical Directors who acted as such during the course of this case. Plaintiffs do not identify these individuals or explain the circumstances which might allow substitution under Federal Rule of Civil Procedure 25. Plaintiffs no longer seek injunctive relief in this case, so substitution in an official capacity does not apply. To the extent Plaintiffs seek to add new defendants in their individual capacity for purposes of damages, Plaintiffs must file a motion for leave to file an amended complaint.

**IT IS ORDERED:**

(1)  Plaintiffs' motion for a permanent injunction is denied. [397]

(2)  Herminia Orzechowski's unopposed motion to substitute as the personal representative for Plaintiff Serafin Flores is granted. [559] The clerk is directed to make the substitution on the docket.

(3)  The IDOC's motion for leave to file an amended motion to dismiss is granted. [596] The clerk is directed to separately docket the amended motion to dismiss and memorandum in support.

(4)  The IDOC's prior motions to dismiss are moot because the IDOC has filed an amended motion to dismiss. [587], [411]

(5)  Plaintiffs' unopposed motion to dismiss Defendant Wexford Health Sources, Inc., is granted. [599] Defendant Wexford Health Sources, Inc., is dismissed with prejudice.  The clerk is directed to terminate Defendant Wexford Health Sources, Inc.

(6)  Plaintiffs' motion for an extension for substitution is denied. [562]

(7)  Plaintiffs' motion to substitute or add other Medical Directors is denied. [600]

(8)  Defendant Wexford's pending motions are moot because Defendant Wexford has been dismissed with prejudice. [556], [576], [589], [591], [593], [589]

(9)  Plaintiffs' motions to extend the deadline for responding to the IDOC's motion to dismiss and motion for summary judgment by Defendants Puisis and Randle are granted. [597], [601] Plaintiffs' responses to the IDOC's amended motion to dismiss and to the motion for summary judgment by Defendants Puisis and Randle are due June 30, 2022.  Plaintiff does not need to file a response to Wexford's motions to dismiss because those motions to dismiss are moot.

ENTERED: 6/6/2022

s/Sara Darrow
SARA DARROW
U.S. DISTRICT JUDGE