IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JEFFREY ORR, et al.,                )
                                    )
                 Plaintiffs,        )
                                    )
       -vs-                         )        No. 08-2232-HAB-DGB
                                    )
WILLARD O. ELYEA, M.D.,             )
MICHAEL PUISIS, WEXFORD CORP.,      )
DR. MAHESH PATEL and DR. JEREMY YOUNG,)
                                    )
                 Defendants.        )

**SECOND AMENDED COMPLAINT**

COUNT I

JURISDICTIONAL STATEMENT

Plaintiffs are all inmates or former inmates of the Illinois Department of Corrections. Plaintiffs= civil rights were violated in contravention of 42 U.S.C. '1983 because the Defendants were deliberately indifferent to Plaintiffs= medical condition in that inmates did not receive needed medical treatment for Hepatitis C.  As further set forth in this Complaint, Plaintiffs have exhausted all administrative remedies.

This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. ' 1983.  Jurisdiction is invoked pursuant to 28 U.S.C.'' 1331 and 1343(a).  This Court has jurisdiction over the Plaintiff=s request for declaratory and injunctive relief pursuant to 28 U.S.C.'' 2201-2202.

PARTIES

1.  The Plaintiffs are or were inmates at various Correctional Centers, prisons maintained

–1–

by the Illinois Department of Corrections (hereinafter AIDOC@) in Illinois who are eligible to file.

2.   The Plaintiffs have all been diagnosed through blood work as carrying the Hepatitis C virus.

3.   That Dr. Shicker succeeded Dr. Puisis as medical director.   He adopted a policy which no treatment until a person with Hepatitis C has 2 years left on his sentence and has stage III fibrosis.   That policy has been amended at times but still excludes prisoners who can be treated within their term either based on length of stay or fibrosis level.

4.   Defendant IDOC is the state agency charged with running the prison system and are joined so as to allow complete injunctive relief.

5.   Wexford currently administers most of the medical care within IDOC.   They are joined so that any injunctive relief which would be granted could be enforced against the actual medical providers.   In addition, the Plaintiffs= claim that this Defendant by and through its committed medical negligence.

6.   Plaintiffs have exhausted all administrative remedies available to them.   Further, Defendants have adopted a polity that all grievances in this matter are to be denied without consideration making further administrative efforts futile.

FACTUAL CLAIMS

7.   Hepatitis C is a potentially fatal disease which if left untreated may cause cirrhosis, or destruction of the liver, may lead to liver cancer and causes other symptoms to those it afflicts, thus it poses a substantial risk of serious harm to Plaintiffs.

8.   Defendants know that Hepatitis C poses a substantial risk of serious harm to the Plaintiffs.   In *Roe v. Elyea*, the 7th Circuit affirmed a jury verdict finding that the Defendant Elyea

was deliberately indifferent for the failure to treat Hepatitis C.   Since that time, a consent decree was entered in the *Lippert* case in Chicago.   In that case, the Court appointed monitor for the Department of Corrections has said on numerous occasions that there were neither legal nor moral justifications for the Department's policy of not treating Hepatitis C.   The Defendants are aware and have personal knowledge of those facts.

9.   A highly effective chemical treatment program for Hepatitis C is available, which has been shown to reduce the effects of Hepatitis C, and even in some cases destroy it completely. Treatment begun early is more effective than when treatment is delayed.   New drugs have increased accuracy rates to 95% or above.   The Treatments are administered by taking pills over a course of 7 weeks.

10.   None of the Plaintiffs have received appropriate medical care for their Hepatitis C or have been denied antiviral treatment altogether.

11.   IDOC, through Defendants, claims to follow the federal guidelines for treatment of Hepatitis C.   They follow the provision for pretrial detainees.   They set artificial barriers to treatment and take whatever steps they can to avoid treating Plaintiffs.   They refuse to treat Plaintiffs who have fibrosis levels below F3 even though such treatment is the current standard of care and is a Amedical necessity.@   The policies adopted by these Defendants set artificial barriers to treatment and take whatever steps they can to avoid treating Plaintiffs.   Immediate treatment of Hepatitis C with antiviral drugs is currently the standard of care in the United States without regard to the level of fibrosis.

12.   Treatment for Hepatitis C is more effective when it is begun early in the course of the disease.   However, if treatment is postponed, adverse effects of the disease and the necessity of a

liver transplant become much more likely. Liver transplants are painful, difficult to obtain, and result in a lower recovery rate than the chemical treatment available for the early stages of Hepatitis C infection.  In addition, chronically infected Hepatitis patients have a 2.3 - 3.7 times higher incident of other maladies as a result of the untreated infection.

13.   Defendants refuse to administer the Hepatitis C chemical treatment to Plaintiffs.

14.   By refusing to treat Plaintiffs for Hepatitis C, Defendants are deliberately indifferent to the substantial risk of serious harm faced by the Plaintiffs.    Many Plaintiffs have suffered and have died since the suit was filed.

15.   Defendants= refusal to treat Plaintiffs for Hepatitis C is a willful and intentional deprivation meriting a punitive damage award against Defendants.

16. Defendant= refusal to treat Plaintiffs for Hepatitis C is causing and continues to cause irreparable harm to Plaintiffs.

17. Defendants= refusal to treat Plaintiffs for Hepatitis C is causing the Plaintiffs compensable pain and suffering, loss of a normal life, emotional distress, and a shortened life expectancy.

WHEREFORE, Plaintiffs pray judgment against the Defendants for a sum in excess of ONE MILLION DOLLARS ($1,000,000.00) each together with punitive damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) each and costs and attorney's fees.

<u>COUNT II</u>

NOW COME the Plaintiffs, by their attorneys, HELLER, HOLMES & ASSOCIATES, P.C., and for Complaint against WEXFORD CORP., DR. MAHESH PATEL, DR. JEREMY YOUNG and the ILLINOIS DEPARTMENT OF CORRECTIONS, say:

–4–

1.   That Wexford is a contract provider of medical care for iInmates imprisoned in the Illinois Department of Corrections.

2.   That Dr. Mahesh C. Patel and Dr. Jeremy Young are physicians licensed in the state of Illinois and are providing care to Hepatitis C patients through and agreement with the Illinois Department of Corrections.

3.   That the agents and employees of Wexford who provide medical care do so within the scope and course of their employment or agency with Wexford and Wexford is vicariously liable for the conduct of said employees.

4.   That on and after February 16, 2016, the pronouncements of the American Association for the Study of Liver Disease and the pronouncements of the Infectious Disease Society of American formed the standard of care for the treatment of Hepatitis C in the United States and internationally.

5.   That the Defendants had a duty to provide medical care within the standard of care to the Plaintiffs.

6.   That the Defendants negligently and carelessly failed and omitted to use that degree of skill and care required of doctors practicing medicine in the United States and in the State of Illinois in providing care to the Plaintiffs in that they failed and refused to prescribe Harvoni or similar medications for the treatment of patients infected with Hepatitis C without regard to fibrosis level.

7.   That as a direct and proximate result of the negligence of the Defendants aforesaid, the Plaintiffs were injured.   Said injury included pain and suffering, future pain and suffering, ongoing damage to their liver, complications from exposure to Hepatitis C and emotional distress

incurred in knowing that they had a potentially fatal disease which could be treated but was not.

8.   That a letter of merit from Dr. Martin Prosky is attached hereto as EXHIBIT A pursuant to ' 622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiffs pray judgment against the Defendants for a sum in excess of SEVENTY -FIVE THOUSAND DOLLARS ($75,000.00) together with costs of this action.

<u>COUNT III</u>

NOW COME the Plaintiffs, by their attorneys, HELLER, HOLMES & ASSOCIATES, P.C., and for Complaint against WEXFORD CORP., say:

1.   That Wexford is a contract provider of medical care for inmates imprisoned in the Illinois Department of Corrections.

2.   That the agents and employees of Wexford who provide medical care do so within the scope and course of their employment or agency with Wexford and Wexford is vicariously liable for the conduct of said employees.

3.   That on and after February 16, 2016, the pronouncements of the American Association for the Study of Liver Disease and the pronouncements of the Infectious Disease Society of American formed the standard of care for the treatment of Hepatitis C in the United States and internationally.

4.   That the Defendants had a duty to provide medical care within the standard of care to the Plaintiffs.

5.   That the Defendants committed deliberate indifference in that they negligently and carelessly failed and omitted to use that degree of skill and care required of doctors practicing medicine in the United States and in the State of Illinois in providing care to the Plaintiffs in that

they failed and refused to prescribe Harvoni or similar medications for the treatment of patients infected with Hepatitis C.

6.   That as a direct and proximate result of the deliberate indifference of the Defendants aforesaid, the Plaintiffs were injured.   Said injury included pain and suffering, future pain and suffering, ongoing damage to their liver, complications from exposure to Hepatitis C and emotional distress incurred in knowing that they had a potentially fatal disease which could be treated but was not.

7.   That pursuant to the contract between Wexford and the Illinois Department of Corrections, Wexford is liable for a penalty for each day in which they are found to be deliberately indifferent to the care of Plaintiffs.

8.   That pursuant to the provisions of the contract the Plaintiffs are entitled to penalties ina sum in excess of $10,000,000.00.

WHEREFORE, Plaintiffs pray judgment against the Defendants for a sum in excess of TEN MILLION DOLLARS ($10,000,000.00) together with costs of this action.

JEFFREY ORR, et al, Plaintiffs

By   /s/ H. Kent Heller
          Of Heller, Holmes & Associates, P.C.
                    Their Attorneys

## JURY DEMAND

Plaintiffs hereby demand trial by jury.

JEFFREY ORR, et al., Plaintiffs

By   / s/ H. Kent Heller
          H. KENT HELLER
          HELLER, HOLMES &ASSOCIATES, P.C.
          1101 Broadway Avenue, P.O. Box 889
          Mattoon, IL 61938

TEL: 217-235-2700
FAX: 217-235-0743
E-Mail: kent@hhlawoff.com
ARDC No. 1181009

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing was electronically served this 30th day of June, 2020, to the following:

James A. Borland        jborland@qjhpc.com, abedinger@quinnjohnston.com, jsisson@qjhp.com

Russell L. Reed         rreed@hinshawlaw.com, debsmith@hinshawlaw.com

Brent D. Stratton       bstratton@atg.state.il.us, ddesalle@atg.state.il.us, estachon@atg.state.il.us, mabecker@atg.state.il.us,

Joseph N. Rupsich       jrupsich@cassiday.com, msams@cassiday.com, spressler@cassiday.com

Christopher L. Higgerson        chiggerson@atg.state.il.us,

Richard J. Gray         rgray@jenner.com

Betsy Ann Wirth         bwirth@quinnjohnston.com

Lisa A Cook             lcook@atg.state.il.us, dengland@atg.state.il.us, gls@atg.state.il.us, mabecker@atg.state.il.us, MHeriford@atg.state.il.us

Pamela R Hanebutt       phanebutt@eimerstahl.com, erogers@eimerstahl.com, fharvey@eimerstahl.com, hlee@eimerstahl.com


                        /s/ H. Kent Heller
                        H. KENT HELLER
                        HELLER, HOLMES & ASSOCIATES, P.C.
                        1101 Broadway, P. O. Box 889
                        Mattoon IL 61938
                        TEL: 217-235-2700
                        FAX: 217-235-0743
                        E-Mail: kent@hhlawoff.com
                        ARDC No. 1181009

Subscribed and sworn to before me

this 30th day of June, 2020.

/s/      Katherine J. Storm
         Notary Public

orr 16005 6.30.22 second amended complaint