UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JEFFREY ORR, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 08-2232 |
| | ) | |
| WILLARD O. ELYEA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs allege in this lawsuit that Defendants were deliberately indifferent to their need for Hepatitis C treatment in violation of their constitutional rights. The Court recently consolidated other lawsuits asserting similar claims with this case and gave the parties an opportunity to refile pending motions or to file responses. (Doc. 603). On June 30, 2022, Plaintiffs filed a Second Amended Complaint. (Doc. 606). The matter is before the Court for ruling on Defendants' respectively motions to dismiss the second amended complaint and several other motions.

**DEFENDANTS' MOTIONS TO DISMISS (DOCS. 604, 607, 609, 610, 612)**

A motion to dismiss under Rule 12(b)(6) does not resolve the merits of a claim; it tests only the sufficiency of the allegations set forth in the complaint. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Factual allegations in a complaint must give "fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions" and the

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

The Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex,* 199 F.3d 363, 368 (7th Cir. 2000). Facts in the complaint that disprove the asserted claim should be considered, and the court need not accept unsupported conclusions of law. *N. Ind. Gun & Outdoor Shows v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998) (quoting *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 281 (7th Cir. 1989)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 680–81 (2009) (citing *Twombly,* 550 U.S. at 554–55) (conclusory allegations are "not entitled to be assumed true").

Plaintiffs' Second Amended Complaint alleges three counts: Count I alleges Plaintiffs have all been diagnosed with Hepatitis C and that Defendants (presumably those listed in the caption) created or adopted a policy that denied medically necessary treatment to Plaintiffs in violation of their rights under the Eighth and Fourteenth Amendments; Count II alleges that Defendants Wexford Health Sources ("Wexford"), Patel, Young, and Illinois Department of Corrections (IDOC) were negligent under Illinois law;[1] and, Count III alleges that Defendant Wexford "committed deliberate indifference in that they negligently and carelessly failed and omitted" to provide care consistent with the applicable standard of care. (Doc. 606).

Defendant Wexford moved to dismiss on the grounds that Plaintiffs previously agreed to dismiss them as a defendant and that permitting Plaintiffs to revive their claims would be highly prejudicial. Plaintiffs, despite the contents of their Second Amended Complaint, responded that they do not assert any claims against Defendant Wexford therein. To the extent that Plaintiffs'

---

[1] Plaintiffs' Second Amended Complaint indicates that a certificate of merit required by Illinois law in medical malpractice cases is attached. The second amended complaint did not include any attachments.

Second Amended Complaint could be construed to assert claims against them, Defendant Wexford's motion to dismiss (Doc. 612) is granted.

Defendants IDOC and Shicker, Puisis, and Elyea filed respective motions to dismiss Plaintiffs' Second Amended Complaint arguing that the pleading fails to allege any claims against them. Plaintiffs state that they do not seek any relief against Defendant IDOC, request leave to amend to cure any pleading deficiencies as it relates to Defendants Puisis and Elyea, and assert that Defendants Elyea and Shicker should be aware of the nature of the claims against them given the procedural history of this case and Seventh Circuit jurisprudence on the issues presented. (Docs. 613, 614, 615). Plaintiffs also argue that these defendants did not raise objections to the previous complaints or previously suggest that they failed to state a claim.

The Court's analysis on a motion to dismiss an amended complaint is limited to the allegations in the amended complaint without reference to any prior pleadings. *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782-83 (7th Cir. 2013) ('[F]acts or admissions from an earlier complaint that are not included in a later complaint cannot be considered on a motion to dismiss."); *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Plaintiffs do not provide any legal authority to support their contention that the Court may consider the procedural history of a case and relevant caselaw to impute knowledge on a defendant about the nature of the claims against him, or that failure to object to a previous complaint waives the right to challenge future amendments.[2]

---

[2] Plaintiff filed his Second Amended Complaint without seeking leave of court as required by Fed. R. Civ. P. 15(a)(2). Had Plaintiff sought the requisite leave, Defendants would have been able to object accordingly. The Court sees no functional difference between addressing Defendants' objections via an objection to a motion seeking leave and addressing the objections via a motion to dismiss.

Plaintiffs' Second Amended Complaint does not identify the Defendants against whom they intended to assert their Eighth Amendment claim. The complaint mentions only that Defendant Shicker succeeded Defendant Puisis as medical director and that "he" adopted a policy that allegedly resulted in the denial of treatment. The complaint does not otherwise make any factual allegations against Defendants Shicker, Puisis, or Elyea.

The Court finds that Plaintiff's Second Amended Complaint fails to allege sufficient facts to put these defendants on notice of the claims against them. Defendants' motions to dismiss are granted. The Court will provide Plaintiff with an opportunity to file a third amended complaint as directed below. The motion to dismiss Defendant IDOC filed prior to the filing of the Second Amended Complaint (Doc. 604) is denied as moot.

**Defendants Randle's and Puisis' Motion for Summary Judgment (Doc. 595)**

Defendants Randle and Puisis renewed the motion for summary judgment that was originally filed in *Jones v. Elyea*, No. 10-4011 (C.D. Ill.) as permitted by the Court's March 16, 2022 Order consolidating that case with this lawsuit. (Doc. 586). Plaintiffs responded to the motion in the previous case, but they did not file a response here. *Jones*, ECF No. 56. The Court will consider Plaintiffs' previously filed response. Defendant Randle was dismissed in *Jones* prior to consolidation, and any relief Defendant Randle now seeks is denied as moot.

The parties do not dispute that Plaintiff Clarence R. Jones had been diagnosed with Hepatitis C, that a liver biopsy is a necessary prerequisite to determine eligibility for the chemical treatment he was denied, that he was determined eligible for such treatment with less than one year remaining on his sentence, and that an IDOC policy stated that those eligible for treatment with less than one year remaining on his or her sentence would not be provided treatment.

The parties dispute whether Plaintiff refused treatment and whether he would have been able to complete the necessary treatment given the length of his remaining sentence at the time he became eligible for treatment. Defendant Puisis has not presented any assertions of fact disclosing the nature of that treatment, how long it would take to complete, and the specific consequences if the treatment was not completed. Absent this evidence, the Court finds that disputed issues of material fact preclude summary judgment. Defendants' motion as it relates to Defendant Puisis is denied.

### Plaintiffs' Motion to Continue (Doc. 618)

Plaintiffs seek additional time to respond to unspecified motions. At the time Plaintiffs filed their motion, they had already responded to all outstanding motions. The Court cannot determine the relief Plaintiffs seek. Plaintiffs' motion is denied.

### Plaintiff Aaron Stewart's Motions (Docs. 619, 622)

Plaintiff Aaron Stewart filed a *pro se* motion seeking the Court to appoint different counsel to represent him because he is not satisfied with the pace of this litigation. (Doc. 619). Plaintiff filed a second motion that appears to seek a trial in this matter. (Doc. 620).

The Court does not accept *pro se* filings from represented parties. Plaintiff should contact his attorney with any concerns or questions he may have about the procedural status of this case. Plaintiff Stewart's motions are denied.

**IT IS THEREFORE ORDERED:**

1) **Defendant IDOC's Motion to Dismiss [604], Defendants' Motion for Summary Judgment [595], Plaintiffs' Motion to Continue [618], and Plaintiff Stewart's Motions [619][622] are DENIED.**

2) **Defendants' respective Motions to Dismiss [607][609][610][612] are GRANTED.**

3) **Plaintiff is granted leave to file a third amended complaint within 30 days of this Order. The third amended complaint will replace any prior complaint filed in their entirety, and it must stand on its own without reference to any prior pleadings.**

Entered this 14th day of March, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
