IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY ORR, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) No. 08-2232-HAB-DGB |
| | ) |
| WILLARD O. ELYEA, M.D., | ) |
| MICHAEL PUISIS, DR. STEVEN BOWMAN, | ) |
| DR. LOUIS SHICKER, and | ) |
| DR. STEVEN MEEKS, | ) |
| | ) |
| Defendants. | ) |

**THIRD AMENDED COMPLAINT**

COUNT I

JURISDICTIONAL STATEMENT

Plaintiffs are all inmates or former inmates of the Illinois Department of Corrections. Plaintiffs= civil rights were violated in contravention of 42 U.S.C. '1983 because the Defendants were deliberately indifferent to Plaintiffs= medical condition in that inmates did not receive needed medical treatment for Hepatitis C.  As further set forth in this Complaint, Plaintiffs have exhausted all administrative remedies.

This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. ' 1983.  Jurisdiction is invoked pursuant to 28 U.S.C." 1331 and 1343(a).  This Court has jurisdiction over the Plaintiffs' request for declaratory and injunctive relief pursuant to 28 U.S.C.' 2201-2202.

PARTIES

1. All of the Plaintiffs are or were inmates at various Correctional Centers, prisons

–1–

maintained by the Illinois Department of Corrections (hereinafter AIDOC@) and to the extent required, have filed appropriate grievances and exhausted the administrative remedies available to them.

2. That each of the Plaintiffs, listed in Exhibit A, have all been diagnosed as being infected with the Hepatitis C virus.

3. That the Defendants Willard O. Elyea, Michael Puisis, Dr. Louis Shicker, Dr. Steven Bowman and Dr. Steven Meeks were at various times since the filing of this Complaint medical directors of the Department of Corrections and during their term were responsible for adopting the policy for treatment of prisoners with Hepatitis C as well as other medical conditions.

4. Plaintiffs have exhausted all administrative remedies available to them. Further, each of the Defendants had adopted a policy that all grievances in this matter are to be denied without consideration, making further administrative efforts futile.

## FACTUAL CLAIMS

5. A highly effective chemical treatment program for Hepatitis C is available, which has been shown to reduce the effects of Hepatitis C, and even in some cases destroy it completely. Treatment begun early is more effective than when treatment is delayed. New drugs have increased accuracy rates to 95% or above. The Treatments are administered by taking pills over a course of 7 weeks.

6. None of the Plaintiffs have received appropriate medical care for their Hepatitis C or have been denied antiviral treatment altogether.

7. That a failure to treat Hepatitis C increases a person's likelihood of co-morbidities, can lead to liver cancer, cirrhosis of the liver and death, generally causes a person to lose three tenths

–2–

of a year of life expectancy for every year in which the Hepatitis is untreated, and otherwise is injurious to the individual's health.

8. That each of the individual Defendants were, at all times while serving as the medical director for the Illinois Department of Corrections, aware of the risks to Plaintiffs by virtue of the non-treatment of Hepatitis C.

9. That each of the individual Defendants, during the time he was the medical director for the Illinois Department of Corrections, adopted or continued to follow a policy which was deliberately indifferent to the Plaintiffs' medical condition, prevented Plaintiffs from getting treatment, caused the Plaintiffs not to receive treatment for the sole reason as to the cost of treatment. That each of the individual Defendants, during his term as medical director of the Illinois Department of Corrections, adopted or continued to follow a policy which was deliberately indifferent to the Plaintiffs' serious medical condition, the presence of the Hep C virus, prevented Plaintiffs from getting timely treatment or caused Plaintiffs not to receive treatment.

10. That there was, other than the cost of treatment, no reason why the Plaintiffs should not have been treated for Hepatitis C.

11. The individual Defendants during their time as medical director for the Illinois Department of Corrections set artificial barriers to treatment and took whatever steps they could to avoid treating Plaintiffs. Defendants' policy failed to treat Plaintiffs who had fibrosis levels below F3 even though such treatment is the current standard of care and is Amedical necessity.@ Immediate treatment of Hepatitis C with antiviral drugs is currently the standard of care in the United States without regard to the level of fibrosis.

12. Treatment for Hepatitis C is more effective when it is begun early in the course of the

disease. However, if treatment is postponed, adverse effects of the disease and the necessity of a liver transplant become much more likely. Liver transplants are painful, difficult to obtain, and result in a lower recovery rate than the chemical treatment available for the early stages of Hepatitis C infection. In addition, chronically infected Hepatitis patients have a 2.3 - 3.7 times higher incident of other maladies as a result of the untreated infection.

13. Defendants refuse to administer the Hepatitis C chemical treatment to Plaintiffs.

14. By refusing to treat Plaintiffs for Hepatitis C, Defendants are deliberately indifferent to the substantial risk of serious harm faced by the Plaintiffs. Many Plaintiffs have suffered and have died since the suit was filed.

15. Defendants= refusal to treat Plaintiffs for Hepatitis C is a willful and intentional deprivation meriting a punitive damage award against Defendants.

16. Defendant= refusal to treat Plaintiffs for Hepatitis C is causing and continues to cause irreparable harm to Plaintiffs.

17. Defendants= refusal to treat Plaintiffs for Hepatitis C is causing the Plaintiffs compensable pain and suffering, loss of a normal life, emotional distress, and a shortened life expectancy.

WHEREFORE, Plaintiffs pray judgment against the Individual Defendants in a sum in excess of ONE MILLION DOLLARS ($1,000,000.00) each together with punitive damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) each together with costs and attorney's fees incurred herein.

JEFFREY ORR, et al, Plaintiffs

By   /s/ H. Kent Heller_____
       Of Heller, Holmes & Associates, P.C.
              Their Attorneys

## JURY DEMAND

Plaintiffs hereby demand trial by jury.

JEFFREY ORR, et al., Plaintiffs

By   / s/ H. Kent Heller_____
      H. KENT HELLER
      HELLER, HOLMES &ASSOCIATES, P.C.
      1101 Broadway Avenue, P.O. Box 889
      Mattoon, IL 61938
      TEL: 217-235-2700
      FAX: 217-235-0743
      E-Mail: kent@hhlawoff.com
      ARDC No. 1181009

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing was electronically served this 13th day of April, 2023, to the following:

| | |
|---|---|
| James A. Borland | jborland@qjhpc.com, abedinger@quinnjohnston.com, jsisson@qjhp.com |
| Russell L. Reed | rreed@hinshawlaw.com, debsmith@hinshawlaw.com |
| Brent D. Stratton | bstratton@atg.state.il.us, ddesalle@atg.state.il.us, estachon@atg.state.il.us, mabecker@atg.state.il.us, |
| Joseph N. Rupsich | jrupsich@cassiday.com, msams@cassiday.com, spressler@cassiday.com |
| Christopher L. Higgerson | chiggerson@ilag.gov |
| Betsy Ann Wirth | bwirth@quinnjohnston.com |
| Lisa A Cook | lcook@ilag.gov, gls@atg.state.il.us, MHeriford@atg.state.il.us |

–5–

Zane D. Smith          Zane@ZaneSmith.com, amanda@zanesmith.com
                       gensonlaw@gmail.com


                                        /s/ H. Kent Heller
                                        H. KENT HELLER
                                        HELLER, HOLMES & ASSOCIATES, P.C.
                                        1101 Broadway, P. O. Box 889
                                        Mattoon IL 61938
                                        TEL: 217-235-2700
                                        FAX: 217-235-0743
                                        E-Mail: kent@hhlawoff.com
                                        ARDC No. 1181009

Subscribed and sworn to before me
this 13th day of April, 2023.

/s/     Katherine J. Storm
        Notary Public


orr 16005 4.13.22 third amended complaint

–6–