UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JEFFREY ORR, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 08-2232 |
| | ) | |
| WILLARD O. ELYEA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs allege in this lawsuit that Defendants were deliberately indifferent to their need for Hepatitis C treatment in violation of their constitutional rights. The Court dismissed Plaintiffs' Second Amended Complaint and granted Plaintiffs leave to file a Third Amended Complaint. (Doc. 624). Plaintiffs filed their Third Amended Complaint on April 13, 2023. (Doc. 625). The matter is before the Court for ruling on Defendants' respective motions to dismiss the third amended complaint and other related motions.

### PLAINTIFFS' MOTION FOR EXTENSION OF TIME (DOC. 631)

Plaintiffs' motion for an extension of time to respond to Defendants' respective motions to dismiss are retroactively granted. Plaintiffs have since filed the relevant document within the timeframe requested. New deadlines are not necessary.

### PLAINTIFF HAMMOND'S MOTION FOR SUBSTITUTION AND SEVER (DOC. 632)

Attorney Jordan Marsh filed this motion on Plaintiff Chad Hammond's behalf requesting (1) leave to enter an appearance on behalf of this plaintiff; (2) to substitute his appearance for Plaintiff Hammond's current counsel; (3) to sever his claim into a new action; and (4) leave to file an amended complaint. Plaintiff's current counsel has not responded to this motion.

Plaintiff's Hammond's motion is granted as to the requests for Attorney Marsh to enter his appearance on Plaintiff Hammond's behalf and to substitute counsel.

Plaintiff Hammond asserts in support of severing his claims that his case is "unique" without further elaboration or argument as to why joinder or consolidation of his claims with this case is not appropriate, nor did Plaintiff Hammond provide a proposed amended complaint to assist the Court in determining whether amendment should be allowed under Fed. R. Civ. P. 15. *See Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017) (factors in deciding whether leave to amend should be granted include undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, undue prejudice to defendants, and futility). Plaintiff Hammond's request to sever and for leave to amend are denied.

**DEFENDANTS' MOTIONS TO DISMISS (DOCS. 628, 629, 630)**

On June 30, 2022, Plaintiffs filed a second amended complaint. (Doc. 606). The Court granted Defendants' respective motions to dismiss the second amended complaint after finding that Plaintiffs failed to allege sufficient facts to place Defendants on notice of the amended claims upon which they sought to proceed. (Doc. 624). The Court granted Plaintiffs leave to file a third amended complaint, which Plaintiffs filed on April 13, 2023. *Id.*; (Doc. 625). Defendants Elyea, Shicker, Meeks, and Puisis move to dismiss.

Plaintiffs allege that Defendants Elyea, Puisis, Shicker, Bowman, and Meeks, in their respective capacities as IDOC medical director, created or adopted policies that resulted in the delay or denial of specific treatment for their diagnosed Hepatitis C conditions in violation their Eighth and Fourteenth Amendment rights. Plaintiffs do not specify when Defendants each served as IDOC medical director, when each of the plaintiffs were incarcerated, or the specifics of the policies at issue. A list of Plaintiffs' names attached to the third amended complaint discloses

that several of the named plaintiffs are deceased without indication as to whether substitution under Fed. R. Civ. P. 25 has occurred for these plaintiffs. *See* (Doc. 603) (indicating that over 100 of the named plaintiffs are deceased). Plaintiffs seek money damages; they do not seek injunctive relief.

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs have again failed to sufficiently allege a constitutional claim. A motion to dismiss under Rule 12(b)(6) does not resolve the merits of a claim; it tests only the sufficiency of the allegations set forth in the complaint. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Factual allegations in a complaint must give "fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

The Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex,* 199 F.3d 363, 368 (7th Cir. 2000). Facts in the complaint that disprove the asserted claim should be considered, and the court need not accept unsupported conclusions of law. *N. Ind. Gun & Outdoor Shows v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998) (quoting *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 281 (7th Cir. 1989)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 680–81 (2009) (citing *Twombly,* 550 U.S. at 554–55) (conclusory allegations are "not entitled to be assumed true").

Notwithstanding the procedural history of this case and those consolidated with it,[1] Plaintiffs' decision to seek amendment of their claims at this stage limits the Court's analysis to the allegations in their third amended complaint without reference to any prior pleadings. *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782-83 (7th Cir. 2013) ("[F]acts or admissions from an earlier complaint that are not included in a later complaint cannot be considered on a motion to dismiss."); *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

As a threshold matter, the deceased plaintiffs for whom substitutions have not occurred cannot proceed as parties to this lawsuit, and Plaintiffs' counsel's ability to act on their behalf is extremely limited. Fed. R. Civ. P. 25; *Atkins v. City of Chicago*, 547 F.3d 869, 872 (7th Cir. 2008). The Court will also dismiss all defendants not named in Plaintiffs' third amended complaint.

42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

*Id.* Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. *Id.* at 105. Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016). The official must be personally involved in any deprivation; an

---

[1] For a summary of this case's procedural history prior to Plaintiffs' second amended complaint, see *Orr v. Shicker*, 953 F.3d 490, 493-95 (7th Cir. 2020).

official may not be held liable under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

As a prerequisite to seeking relief under the statute, "a civil rights plaintiff must specify whether suit is brought against the defendant in his official capacity or in his individual capacity." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). Doing so defines the nature of the claims, the relief available, and the showing required to prevail:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law…Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. Whereas in an official capacity suit the plaintiff alleges that the defendant was party to the execution or implementation of official policy or conduct by a government because the real party in interest is the entity, an individual capacity suit focuses on the constitutional torts of an individual official. To establish *personal* liability in a Section 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. However, that showing is not enough for an official capacity suit, where the action alleged to be under color must be linked with the entity's policy or custom.

*Id.* (internal quotations and citations omitted).

Plaintiffs do not specify whether they sued Defendants in their individual or official capacities. In this scenario, district court must make this determination, looking at the relief sought, alleged conduct, the context of the alleged harm, and how the parties have treated the suit. *Allen v. Dimitrijevic*, 2023 WL 8818301, at *2 (7th Cir. 2023); *Weaver v. Kelley*, 2023 WL 8701073, at *5 (N.D. Ill., filed Dec. 15, 2023). "Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity." *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000).

In the third amended complaint, Plaintiffs seek compensatory and punitive damages for the alleged unconstitutional policy decisions Defendants made during their respective stints as IDOC medical director. Plaintiffs do not provide information regarding their individual medical

conditions other than that they have been collectively diagnosed with Hepatitis C and that they have been denied a specific treatment through operation of an IDOC policy. These allegations do not permit a plausible inference that Defendants engaged in conduct outside of their roles as IDOC medical director, or that they were personally involved in the Plaintiffs' medical care or enforcing the policy. The allegations also do not disclose information suggesting that Plaintiffs sought to hold Defendants liable in their individual capacities.[2] The Court finds that claims asserted in Plaintiffs' third amended complaint are against Defendants in their official capacities. *See Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013) (finding an official capacity suit where Plaintiff alleged that Sheriff's policies created the conditions at the jail and permitted them to exist).

"[N]either a State[,] nor its officials acting in their official capacities are 'persons' under §1983," and, therefore, relief under § 1983 is not available. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because Plaintiffs no longer seek injunctive relief, the exception for suits seeking prospective injunctive relief for ongoing violations of federal law does not apply. *Ex parte Young*, 209 U.S. 123 (1908). The Court finds that Plaintiffs have failed to state a claim upon which relief can be granted. *Olson v. Schwochert*, 783 F. App'x 614, 617 (7th Cir. 2019) (affirming dismissal of claims against prison policymaker for lack of personal involvement and the exception under *Ex parte Young* did not apply). Defendants' motions to dismiss are granted.

---

[2] Assuming Plaintiffs sought to impose liability against Defendants in their individual capacities, the allegations in the Third Amended Complaint are not sufficient to state a claim. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) ("[A]n inmate is not entitled to demand specific [medical] care."); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (a mere disagreement with the course of treatment, standing alone, is not sufficient to attach constitutional liability).

Plaintiffs have not been able to cure the deficiencies in their complaint despite the Court granting them an opportunity to amend. Plaintiffs' efforts to obtain class certification in this case have been unsuccessful, they have abandoned any request for injunctive relief, and the law does not permit them to recover damages for the claims they now seek to assert. The statute of limitations likely precludes any efforts Plaintiff could make to sue officials from whom they could recover damages. For these reasons, the Court finds that any amendment Plaintiffs could make would be futile. The Court will accordingly dismiss this case.

### Defendant Bowman

Plaintiffs added Steven Bowman as a defendant in their third amended complaint. Plaintiffs have not filed the proof of service required under Fed. R. Civ. P. 4(l)(1), and the deadline for doing has since expired. Defendant Bowman is therefore dismissed without prejudice. Fed. R. Civ. P. 4(m).

### Plaintiff Aaron Stewart's Motions (Docs. 635, 636)

Plaintiff Aaron Stewart filed a *pro se* motions seeking courtesy copies of the docket sheet. The Court does not accept *pro se* filings from represented parties. Plaintiff should contact his attorney with any concerns or questions he may have about the procedural status of this case. If Plaintiff desires a copy of any document in this case, he must pay the copying fee of 50 cents per page ($0.50/page) up front. Plaintiff Stewart's motions are denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiffs' Motion for Extension of Time [631] is GRANTED.**

2) **Plaintiff Hammond's Motion [632] is GRANTED in part and DENIED in part.**

3) **Defendants' Motions to Dismiss [628][629][630] are GRANTED.**

4) **Plaintiff Aaron Stewart's Motions [635][636] are DENIED.**

5) **Defendant Steven Bowman is dismissed without prejudice.**

6) **Any pending claims against defendants not named in Plaintiffs' third amended complaint are dismissed with prejudice. Clerk is directed to terminate Roger E. Walker, Jr. as a defendant.**

7) **This case is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Any pending motions not addressed in this Order are denied as moot. This case is closed.**

8) **Clerk is directed to enter judgment accordingly.**

Entered this 26th day of January, 2024.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE